J. R. GARRETT, *Appellant*, v. E. A. FERNAULD, *Appellee*.

Where B. executes to W. a note and a mortgage upon land to secure its payment, and W. assigns the note and mortgage before maturity to F. and B. thereafter conveys the land to G. who pays W. the balance he claims to be due on the note but does not procure the surrender or cancellation of the note, G.

cannot assert his payment to W. in defense of a foreclosure suit by F. who is the holder of the note and mortgage, there being no evidence that W. was authorized by F. to receive the payment made to him by G., or that W. was authorized to cancel the mortgage of record as he did after the conveyance from B. to G. In such a case the loss to G. results from his own failure to have the note surrendered or to ascertain its real owner.

Appealed from the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Jones & Pasco,* for Appellant;

*Reeves & Watson,* for Appellee.

WHITFIELD, C. J.—This appeal is from a decree in a foreclosure proceeding. It appears that in June, 1907, L. C. Bannerman executed his note for $1,000.00, payable two years after date, to the order of D. Hale Wilson, with interest at the rate of eight per cent per annum from date until paid; that a mortgage on certain land was given to secure the payment of the note; that the mortgage was duly recorded June 17, 1907; that thereafter during the year 1908 before the maturity of the note the said D. Hale Wilson, for a valuable consideration, endorsed the note to E. A. Fernauld and executed to her an assignment of the said mortgage; that on July 16, 1909, Bannerman and wife conveyed to the land to Joseph R. Garrett; that the assignment of the mortgage by Wilson to Fernauld was never recorded; that after the assignment of the note and mortgage by Wilson to Fernauld, the said Wilson without the knowledge and consent of Fernauld and without authority from Fernauld,

on October 2nd, 1909, cancelled the mortgage of record; that when Bannerman conveyed to Garrett he then on July 16, 1909, paid to Wilson what he, Wilson, said was the balance due on the note, but the note was not surrendered, and Wilson thereupon promised to cancel the mortgage, which he did in fact do on October 2, 1909; that the interest on the note was paid to some time in 1910, and the principal of the note had not been paid to Fernauld, the assignee of the note and mortgage, when foreclosure proceedings were begun. Garrett, the purchaser of the land from Bannerman, resists the foreclosure decree upon the theory that he paid to Wilson, the original mortgagee, the balance due on the past due note when he purchased the property, and as he had no actual or constructive notice that the note and mortgage had been assigned, he took his title from Bannerman discharged of the mortgage lien. The complainant, appellee here, in whose favor the foreclosure decree was rendered, insists that the decree is proper because the assignment of the mortgage was not by statute required to be recorded, and the purchaser of the land should have ascertained who was then the holder and owner of the note and mortgage and entitled to the payment of the same.

The statute provides that "no conveyance, transfer or mortgage of real property, or of any interest therein ————— shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration. and without notice, unless the same be recorded according to law." Section 2480, Gen. Stats. of 1906. The statute also provides that the Clerk of the Circuit Court shall keep "a mortgage and lien assignment book, in which shall be recorded all assignments of mortgages or statutory liens presented to him for record. No assignment shall be entered elsewhere than in

such book, and any assignment shall, to entitle it to record, be in writing and duly acknowledged in the manner provided for the acknowledgment of deeds. He shall enter a note of assignment upon the margin of the record of the mortgage or lien."

An assignment of a mortgage lien is not a "conveyance" or a "transfer" of "any interest" in land covered by the mortgage, but is only an assignment or transfer of the lien created by the mortgage; and the recording statute as first above quoted is not applicable. When the purchaser of the land undertook to pay off the mortgage indebtedness thereon without having the note surrendered to him he thereby left the note outstanding with the mortgage as an incident thereto. The subsequent cancellation of the record of the mortgage by Wilson, the original mortgagee, was apparently unauthorized, and had no effect on the outstanding unpaid note or on the mortgage as a security for the note since the note and mortgage, though past due, were unpaid in the hands of one who for a valuable consideration took them before the principal of the note was due. It appears that the interest on the note was paid after its assignment and even after the purchase of the property by Garrett. While the statute provides for the record by the Clerk of the Circuit Court of such assignment of mortgages as are "presented to him for record," it does not *require* such a record to be made and does not subordinate such an assignment to the rights of a subsequent purchaser for value of the land who takes without notice of the assignment when it is not recorded. The assignee of the mortgage may reasonably have had the assignment recorded, but as the purchaser has not used due diligence in protecting his rights he cannot justly complain of the failure to record the assignment of the mortgage. In

this case the purchaser did not when he paid the balance due on the note require the surrender to him or the cancellation of the note, or even ascertain the real owner of the note, or the authority of Wilson to act for the owner of the note, and it was his own fault that caused him injury. See Scott v. Taylor, filed this day. This is not a case where one of two equally innocent parties must suffer by the act of a third person. It is a case where a purchaser of land suffers because he did not require the surrender or cancellation of, or proof of the satisfaction by or from, the real owner of the mortgage obligations of which he knew, thereby causing a loss to himself. The loss was caused not by the failure to record the assignment of the mortgage, but by the failure to have the note surrendered or to ascertain whether it had been assigned before its maturity.

The decree is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.