MANUFACTURING TRUST COMPANY, a banking corporation under the laws of the State of New York, *Appellant,* v. PEOPLES HOLDING COMPANY, a corporation under the laws of Florida, *et al., Appellees.*

149 So. 5.
Division A.
Opinion filed June 10, 1933.

*Milam, McIlvaine & Milam,* for Appellants;
*Knight, Adair Cooper & Osborne,* for Appellees.

TERRELL, J.—March 1st, 1929, appellee, Peoples Holding Company executed its note to Peoples Bank of Jacksonville in the sum of $8,215.32 which it secured by a mortgage describing certain lands in Duval County. March 27th, 1929, Peoples Bank of Jacksonville endorsed and delivered said note to Chatham Phoenix National Bank & Trust Company which was on April 1st, 1932, merged with appellant, Manufacturers Trust Company, to whom said note was on the selfsame date endorsed. Neither of these endorsements nor the assignment of the mortgage secured by the note were recorded, but the note was protested for non-payment July 30th, 1929. May 1st, 1929, Peoples Holding Company,

the original mortgagor, conveyed the mortgaged premises by warranty deed to Bond & Mortgage Corporation. This deed was duly recorded on May 10th, 1929.

June 27th, 1929, Bond & Mortgage Corporation executed its note to Monticello Drug Company in the sum of $8,-000.00 which it secured by a mortgage on the lands described in the warranty deed made to it by Peoples Holding Company. This deed was recorded July 1st, 1929. On the same date as the last named, mortgage and as part of the same transaction Peoples Bank of Jacksonville, as the first mortgagee executed a satisfaction of its mortgage in which it among other things asserted that it was the then present owner and holder of the mortgage executed to it by Peoples Holding Company for $8,215.32, it acknowledged full payment and satisfaction of the same and the indebtedness secured thereby including the cancellation of the note as evidence of said indebtedness. At the time the Monticello Drug Company took the note and mortgage and advanced the $8,000.00 to Bond & Mortgage Corporation no assignment of the mortgage and note to Peoples Bank of Jacksonville dated March 1st, 1929, appeared of record.

June 27th, 1932, almost three years after its note was protested for non-payment, Manufacturers Trust Company filed its bill to foreclose the mortgage executed to it through mesne assignments by Peoples Bank of Jacksonville and on July 12th, 1932, Monticello Drug Company filed a cross bill to foreclose the mortgage executed to it by Bond & Mortgage Company both complainant and cross complainant contended that it held the superior mortgage.

In its answer to the cross bill of Monticello Drug Company, Manufacturers Trust Company admitted the material allegations thereof but in paragraph five it alleges in effect that in order to be a *bona fide* purchaser of the mortgage to

Peoples Bank of Jacksonville it was the duty of the Monticello Drug Company to ascertain the whereabouts of the note for $8,214.32 secured thereby which it failed to do and in so falling it can claim no protection under the law as a *bona fide* purchaser and that consequently Manufacturers' Trust Company is a superior claimant to the said mortgage. A motion to strike this portion of paragraph five was granted and the instant appeal is from that decree.

The sole question raised by the motion to strike and brought here for our determination is whether or not one taking a mortgage on realty may rely on the record as to outstanding assignments or other interests therein or must he look outside the record to satisfy himself as to such assignments.

Appellant contends that the mortgagee must look beyond the record and relies on Fowler v. Lee, 106 Fla. 712, 143 So. 613. In this case Mrs. Fowler held one of a series of notes secured by a mortgage to Beddingfield which he satisfied without her knowledge. A subsequent grantee borrowed from a Mr. and Mrs. Vatterlin $10,000.00 on condition that the Beddingfield mortgage be satisfied which was done after Mrs. Fowler purchased the note it secured.

The record in that case was ample to put the Vatterlins on notice of Mrs. Fowler's lien and since it was acquired ahead of the Vatterlins' it could not be said that they were innocent purchasers. The direct question brought in issue in Fowler v. Lee, *supra,* is not invoked here.

In the case at bar appellees rely on the state of the record title to the lands described in their mortgage at the time executed to support the *bona fides* of their claim for a superior lien. In other words when Monticello Drug Company loaned the Bond & Mortgage Company the $8,000.00 and took its note and mortgage therefor it examined the record and required a satisfaction of the mortgage and

note executed by Peoples Holding Company to Peoples Bank of Jacksonville as a prerequisite to the loan, said mortgage being the only impediment appearing of record against said title. Such a satisfaction was executed and recorded and by it the Peoples Bank of Jacksonville acknowledged full payment and satisfaction of the mortgage and cancellation of the note executed to it by Peoples Holding Company March 1st, 1929. There being no other objection to the marketability of the title of record the loan was made in reliance on Section 3841 R. G. S. of 1920, Section 5744 C. G. L. of 1927, which is as follows:

"No assignment of a mortgage upon real property or of any interests therein, shall be good or effectual in law or equity, against creditors or subsequent purchasers, for a valuable consideration, and without notice unless the same be recorded according to law. (Ch. 6909, Acts of June 4th, 1915, Sec. 1)."

Under the terms of the law as quoted was appellee warranted in relying on the record title or was it required to inquire outside the record to ascertain the whereabouts of the note for $8,215.32 which the mortgage secured. The stricken part of appellants' answer to the cross bill alleges that it was necessary, in order to constitute Monticello Drug Company, a *bona fide* purchaser under its mortgage to ferret out the status of said promissory note for $8,-215.32, that it wholly failed to do this and in consequence is not protected by the statute as quoted and having no such protection the note and mortgage of appellant constitute a lien superior to that held by Monticello Drug Company.

Aside from the statute relied on by appellee, appellant contends that failure to produce the former mortgage note when the latter loan was made was necessarily a suspicious circumstance that not only deprives Monticello Drug Com-

pany of its claim of estoppel against appellant but imposed on it the duty of making diligent inquiry as to the location of the former note and gave it means by which with reasonable diligence it could have located it but not having used the means afforded it, it cannot now claim to have been misled by its failure to be diligent.

In the absence of the statute relied on, Section 3841 R. G. S. of 1920, there might be merit in this contention, but prior to its enactment this Court had repeatedly held that recordation of the assignment of mortgages was not mandatory and when executed and not recorded did not subordinate them to the right of a subsequent purchaser for value and without notice. Garrett v. Fernauld, 63 Fla. 434, 57 So. 671. Section 3841 R. G. S of 1920, *supra*, was doubtless enacted to remedy the infirmity in the law pointed out by this and similar decisions. With the policy of the statute we have no concern, its terms are self-interpretative and it was relied on by the cross complainant who appears to have fully complied with its requirements. The assignment or endorsement of the note to appellant carried the mortgage with it as an incident thereto but neither was ever recorded. 19 R. C. L. 347. Jones on Mortgages, Vol. 2, 434; Evins v. Gainesville National Bank, 80 Fla. 84, 85 So. 659; Miami Mortgage & Guaranty Company v. Drawdy, 99 Fla. 1092, 127 So. 323. The mortgage was on realty and Monticello Drug Company was a subsequent purchaser for a valuable consideration. A subsequent *bona fide* mortgagee for a valuable consideration and without notice of a prior claim is entitled to the same protection as a *bona fide* grantee without notice. 19 R. C. L. 409. Under this state of facts Monticello Drug Company was subrogated to the right of appellant by the terms of the statute. Any other interpretation would place on it a meaning not intended by the Legislature.

In most states recordation statutes require that assignments of mortgages be recorded and where this is required the rule seems to be general that failure to record such instruments as with failure to record a deed or mortgage renders them invalid as against subsequent purchasers or mortgages for value and without notice. Jones on Mortgages, Vol. 2, 430. 431, and 704. Tiffany on Real Property, Vol. 3, 2637, 19 R. C. L. 364, 365; Thompson on Real Property, Vol. 5, 906; Connecticut Mutual Life Ins. Co. v. Talbot, 113 Ind. 373, 14 N. E. 586, 3 Am. St. Rep. 655; Marling v. Jones, 138 Wis. 82, 119 N. W. 931; Henniges v. Paschake, 9 N. D. 489, 84 N. W. 350; Jenks v. Shaw, 99 Iowa 604, 68 N. W. 900; Christenson v. Raggio, 47 Wash. 468, 92 Pac. 348. We approve that rule in this state.

This holding is in line with the interpretation placed on Section 3822, R. G. S. of 1920, Section 5698, C. G. L. of 1927, which is very similar to Section 5744, *supra,* but applies to conveyances on real estate. Rabnowitz v. Keefer, 100 Fla. 1723, 132 So. 297; Van Eepoel Real Estate Co. v. Sarasota Milk Co., 100 Fla. 438, 129 So. 892; Emerson v. Ross, 17 Fla. 132; Florida Trust and Banking Co. v. Hancock, 101 Fla. 1416, 136 So. 324. We do not hold that circumstances may not arise that would require a *bona fide* purchaser to inquire outside the record as to status of the title about to be purchased, but no such case is made here and any other interpretation placed on Section 3841, R. G. S. of 1920, would leave the law as it was before enacted.

For these reasons the judgment below must be and is hereby affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.

BROWN, J., concurs in conclusion.