W. ARMOUR GARDNER, *et al.*, v. FRANK MCPHERSON, *et al.*

151 So. 390.
Division B.
Opinion Filed December 9, 1933.
Rehearing Denied December 27, 1933.

*Hill & Hill,* for Appellants;
*Himes & Himes,* for Appellees.

BUFORD, J.—The appeal in this case is from a final order dismissing a case which was instituted by a bill to foreclose an alleged first mortgage.

The plaintiffs sought to foreclose a mortgage which was executed by one Bock and wife on April 12, 1924.

The record shows that the mortgage was to secure an indebtedness evidenced by a certain promissory note payable to one A. J. Jones. Jones transferred the note and assigned the mortgage to Frank McPherson on March 24, 1925. This assignment was recorded. McPherson executed and delivered to Irene Leech Gardner a note on April 8, 1925, and attached as collateral security the Bock note. The assignment of the Bock note was not recorded.

On March 15, 1926, McPherson executed a satisfaction of the Bock mortgage, which satisfaction was delivered by Bock to Mausley K. Clark, together with a new note and mortgage represented to be a first mortgage on the property embraced in the original mortgage from Bock and wife to A. J. Jones. The satisfaction of mortgage was recorded and presented before Mausley K. Clark accepted the new note and new mortgage which appeared then from the record to be a first mortgage on the lands embraced therein.

On November 10, 1928, Bock and wife executed and delivered to Mausley K. Clark a warranty deed embracing the same land in satisfaction of the mortgage made and executed in favor of Mausley K. Clark.

The complainants are the legal representatives of Irene Leech Gardner claiming the right to foreclose as holders of the note secured by the mortgage of April 12, 1924.

The law applicable to this case was enunciated by this Court in an opinion in the case of Manufacturers Trust Co. v. Peoples Holding Co., *et al.,* filed here on June 10, 1933, reported 149 So. 5.

On authority of the opinion and judgment in that case the order dismissing the bill of complaint should be affirmed and it is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BROWN, J. J., concur.