JOHN T. BRADLEY, *et al.,* v. LEONARD FORBS, *et al.*

156 So. 716.
Division B.
Opinion Filed July 30, 1934.
Petition for Rehearing Denied Sept. 19, 1934.

*James Messrs, Jr.,* and *W. J. Oven,* for Appellants;
*Clyde W. Atkinson,* for Appellees.

BUFORD, J.—The appeal in this case is from final decree of foreclosure of a mortgage in favor of Leonard Forbs.

The original mortgage was executed by Peter Forbs and his wife to T. S. Green. After the indebtedness secured

by the mortgage was in default, the mortgagee, for good and valuable consideration, transferred and assigned the mortgage and the note secured thereby to Leonard Forbs. The assignment of the mortgage was not recorded. Thereafter, Mrs. Drewery loaned Peter Forbs $200.00 and took a mortgage on the same land. The Green mortgage was then on record and not satisfied of record.

There is conflict in the testimony as to a conversation which is alleged to have occurred between Mr. Edmondson of Tallahassee, attorney representing Mrs. Drewery, and Mr. T. S. Green.

The Drewery obligation became in default and suit was brought on the note against Peter Forbs. Judgment was obtained in that suit and John T. Bradley became the purchaser at execution sale. The Green mortgage was at that time of record and unsatisfied of record.

Bradley testified that Green told him before the sale occurred, at which Bradley was purchaser, that the Forbs mortgage had been paid and he, Green, would satisfy the same of record. Green denies this and says that he did not agree to satisfy the mortgage of record, though he did say that Peter Forbs was not then indebted to him, Green.

Bradley also testified that Leonard Forbs told him that the Peter Forbs indebtednes to Bradley secured by the mortgage had been paid. Leonard Forbs denied that.

Bradley purchased at a sheriff's sale. Therefore, as to that purchase the rule of *caveat emptor applies*. See Gracy *et al.* v. Fielding, 71 Fla. 1, 70 Sou. 625, in which we said:

"Now the rule of *caveat emptor* applies in sheriff's sales. The purchaser at a sheriff's sale acquires only just such interest as the debtor may have in the land. The creditor proposes to sell and the purchaser to buy only such interest as the debtor has. 'The parties do not treat for a title.'

3 Devlin on Deeds, No. 1435; Wells v. Van Dyke, 106 Pa. St. 111; Boro v. Harris, 13 Lea (Tenn.) 36; Miller v. Baker, 166 Pa. St. 414, 31 Atl. Rep. 121; Leport v. Todd, 32 N. J. L. 124; McLennan v. Graham, 106 Ga. 32 S. E. Rep. 118; Maghee v. Robinson, 98 Ill. 458; Wright v. Tichenor, 104 Ind. 185; 3 N. E. Rep. 853. This was the holding of the court in Price v. McLeod, *supra,* in which case McLeod was the owner of an undivided one-fifth interest in the land claimed adversely to the other co-tenants by Price as purchaser of the entire tract at a Sheriff's sale under an execution against McLeod."

So far as conflicts in the testimony are concerned, the Chancellor appears to have resolved them in favor of the complainant.

The appellant relies upon Chapter 6909, Acts of 1915, Section 3841, R. G. S., 5744 C. G. L. This statute has no application in this case, because there was no subsequent purchaser of the mortgage from Green and no creditor of Green involved in this suit.

It is true that the note and mortgage were purchased by Leonard Forbs from Green after maturity and, therefore, any defense which might have been made against Green, had he held and attempted to foreclose the mortgage, could likewise be made against Leonard Forbs; but, in the state of the record which we find here it appears that the Chancellor duly considered this phase of the case and rendered his decree accordingly. If Green had satisfied the Forbs mortgage of record, then there is no room for question that such satisfaction would have been binding and the subsequent creditors and purchasers would have been protected in the absence of the record of the assignment of the mortgage and note, but this is not the case. There was no satisfaction of the mortgage to Green and Green's testimony

is that he at all times told inquiring parties that he would not satisfy the mortgage of record.

We can not say that the Chancellor clearly erred in his determination of the weight and probative force to be given the evidence in the case, or that his findings as reflected by the decree are clearly erroneous. Therefore, the decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J., concur in the opinion and judgment.

### ON REHEARING.

PER CURIAM.—In this case petition for rehearing has been filed in which it is contended that the opinion herein is in conflict with the opinion and judgment of this Court in the case of Manufacturers' Trust Co. v. People's Holding Co., *et al.,* 110 Fla. 451, 149 Sou. 5.

The factual conditions which differentiate the two cases are that in the Manufacturers' Trust Co. case appellees, People's Holding Co., relied upon the record title, as will be seen from a perusal of that opinion wherein it is said:

"June 27, 1929, Bond & Mortgage Corporation executed its note to Monticello Drug Company in the sum of $8,000 which it secured by a mortgage on the lands described in the warranty deed made to it by Peoples Holding Company. This deed was recorded July 1, 1929. On the same date as the last named mortgage and as part of the same transaction Peoples Bank of Jacksonville, as the first mortgagee, executed a satisfaction of its mortgage in which it among other things asserted that it was the then present owner and holder of the mortgage executed to it by Peoples Holding Company for $8,215.32; it acknowledged full payment

and satisfaction of the same and the indebtedness, secured thereby, including the cancellation of the note as evidence of said indebtedness. At the time the Monticello Drug Company took the note and mortgage and advanced the $8,000 to Bond & Mortgage Corporation, no assignment of the mortgage and note to People's Bank of Jacksonville dated March 1, 1929, appeared of record.

June 27, 1932, almost three years after its note was protested for nonpayment, Manufacturers' Trust Company filed its bill to foreclose the mortgage executed to it through mesne assignments by People's Bank of Jacksonville and on July 12, 1932, Monticello Drug Company filed a cross-bill to foreclose the mortgage executed to it by Bond & Mortgage Company; both complainant and cross-complainant contending that it held the superior mortgage."

In this case there was no satisfaction of the mortgage from Peter Forbs and wife to T. S. Green. If T. S. Green had executed a satisfaction of that mortgage and it had been recorded prior to the recording of his assignment of the mortgage to Leonard Forbs, then Chapter 6909, Acts of 1915, Section 3841 R. G. S., 5744 C. G. L., would have become applicable and the satisfaction of the mortgage being of record prior to the record of the assignment of the mortgage would have made the assignment of the mortgage non-effectual as against subsequent purchasers without notice. But, when the original mortgage was recorded and no satisfaction thereof entered upon the record, in the absence of other definite proof to the contrary, it must be assumed that the mortgage is still in full force and effect in the hands of some one and a subsequent purchaser or mortgagee has the right to require the production of the mortgage and note which it is given to secure, or a satisfaction on record.

In this case the appellants contend that investigation was made in their behalf and they learned facts from which they assumed that the mortgage had been discharged. There is conflict of evidence in this regard. The strongest evidence in behalf of appellants was to the effect that Mr. Green told attorney for the appellants that Peter Forbs did not owe *him* anything, but that evidence does not say that Green stated that the mortgage had been paid off and satisfied.

It is also contended that Mr. Green promised Attorney for appellants that he would satisfy the mortgage of record. Mr. Green denies making any such promise.

The Chancellor considered the testimony and held that appellants were not bona fide purchasers without notice as to the rights of Leonard Forbs. It is not made clearly to appear that the Chancellor erred.

The petition for rehearing should be denied.

It is so ordered.

Rehearing denied.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.