NESBITT, Judge.
Tobias Knoblauch Private Bank (the Bank) appeals from an order awarding summary judgment in favor of Southern Aero Traders, Inc. (Southern) and discharging a lis pendens.
The Bank made a loan to Perkiomen to enable Perkiomen to purchase an aircraft. A term note and a security agreement were executed. The aircraft was described in the security agreement as collateral for the loan. Eventually this plane was purchased by Southern at a judicial forfeiture sale in the Turks and Caicos Islands. As Perkio-men was in default, the Bank sued Southern to foreclose the lien on the aircraft.
During the course of the litigation, without court order, the principal and accrued interest owing on the loan were paid in full. The trial court entered summary judgment, holding that the Bank could no longer have an enforceable security interest because of the repayment. The trial court made no decision as to whether the lien survived the forfeiture sale or whether the security agreement would have been enforceable against Southern if the indebtedness remained.
On appeal, the Bank contends that summary judgment was improper because the debt has not been paid in full. Under the terms of the note and security agreement, the Bank asserts, the collateral also secured the debtor’s liability to the Bank for attorneys’ fees, costs, and expenses incurred in collecting the debt and therefore payment of the principal and interest did not extinguish the security interest.
The actual validity of the security interest is not at issue here, as the summary judgment precluded a determination of this issue below. The sole question presented for review is whether, even presuming the validity of the lien, the Bank can have any remaining interest in the collateral after being paid all the principal and interest it was owed. The Bank claims to be entitled to attorneys’ fees and costs. The security agreement provides only that the lender is entitled to recover the costs and expenses incurred in collecting the debt. The security agreement does not state that the debtor is liable for attorneys’ fees. In the absence of an express provision in the security *204 agreement making the debtor and successors in interest to the collateral liable for attorneys’ fees, no such liability can be imposed on Southern. See § 679.504(l)(a), Fla.Stat. (1981); see also § 679.506, Fla. Stat. (1981); cf. City of Orlando v. Sun Bank, N.A., 428 So.2d 769, 770 (Fla. 5th DCA 1983) (“lien rights preserved by section 932.703 should include and encompass attorney’s fees duly provided for by the security agreement ... ”) (emphasis added).
The Bank predicates its entitlement to attorneys’ fees on a clause in the note which provides that the debtor is liable for actual attorneys’ fees incurred in the collection of the debt. This term of the contract between Perkiomen and the Bank cannot be imposed on Southern by virtue of Southern’s becoming a subsequent possessor of the collateral. A note must be transferred by negotiation or assignment. See Margiewicz v. Terco Properties, 441 So.2d 1124 (Fla. 3d DCA 1983). This note was never assigned or negotiated to Southern. This situation is analogous to a transfer of mortgaged property without a transfer of the note representing the underlying obligation. A lien on mortgaged property follows a transfer of the note, Manufacturers’ Trust Co. v. People’s Holding Co., 110 Fla. 451, 149 So. 5 (1933), but the opposite is not true. A transfer of mortgaged property does not make the transferee liable on the note in the absence of an agreement to undertake such liability. Alabama-Florida Co. v. Mays, 111 Fla. 100, 149 So. 61, 64 (1933). Of course, the mortgagee can still proceed against the property, Hubbard v. Highland Realty & Inv. Co., 115 Fla. 834, 156 So. 322 (1934), just as the Bank has proceeded against the plane, but there is no personal liability of the subsequent purchaser of collateral for the underlying obligation. See § 679.112, Fla.Stat. (1981) (when collateral is not owned by the debtor, the owner is not liable for any debt or deficiency after resale). This being so, it is clear that Southern cannot be liable under the terms of the note on which it is not liable, where those terms differ from those of the security agreement.[1] However, the security agreement does expressly provide that the debtor is liable for costs and expenses incurred in collection of the debt. If the lien is indeed valid against Southern, then it has not been extinguished, because the Bank has not been paid in full.
This cause is remanded with directions to determine whether the Bank’s lien is valid and enforceable against Southern, and, if so, the amount still owed to the Bank under the agreement.

. Though instruments which are executed contemporaneously in one transaction are generally construed together, Policastro v. Rudt, 180 So.2d 472 (Fla. 2d DCA 1965), when the terms of the instruments differ it does not mean the terms of both will be imported completely into each instrument. Spadaro v. Baird, 97 Fla. 50, 119 So. 788, 790 (1929).