In re **LAKESIDE I CORPORATION, Edward C. Tietig, Emerald Lake Village, Emerald Lake Development & Construction Company, Debtors.**

**LAKESIDE I CORPORATION, Edward C. Tietig, Emerald Lake Village, Emerald Lake Development & Construction Company, Plaintiffs,**

v.

**CITIBANK (FLORIDA), N.A., Defendant.**

**Bankruptcy Nos. 88–5404–8P1, 88–5579–8P1, 89–6778–8P1 and 89–6779–8P1.**

**Adv. No. 90–366.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 28, 1990.

Larry Foyle, Tampa, Fla., for debtors, plaintiffs.

W. Keith Fendrick, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THESE ARE four consolidated Chapter 11 cases involving Lakeside I Corporation (Lakeside I), Edward C. Tietig (Tietig), Emerald Lake Village (Emerald Village) and Emerald Lake Development & Construction, Inc. (Emerald Development), collectively referred to as the Debtors. The matter under consideration is a Motion for Summary Judgment filed by Citibank (Florida), N.A. (Citibank), named as Defendant in the above-captioned adversary proceedings. The adversary proceedings filed by the Debtors seek declaratory relief, injunction and damages. The Complaints consist of four counts.

In Count I the Debtors contend that the interest claimed by Citibank by virtue of an assignment of mortgage in certain proper-ties, not defined in the Complaint, is invalid and unenforceable. It is further the contention of the Debtors that Citibank is attempting to "improve its position" [sic] in violation of the automatic stay and, therefore, seek monetary damages for alleged slander of title by Citibank.

In Count II the Debtors seek a mandatory injunction requesting this Court to order Citibank to have its assignment of mortgage expunged from the public records of Polk County and to prohibit Citibank to proceed against two of the Debtors, Tietig and Lakeside I. In Count III the Debtors seek subordination of the claim of Citibank pursuant to Section 510 of the Bankruptcy Code.

The Motion filed by Citibank contends that there are no genuine issues of material fact and Citibank is entitled to judgment as a matter of law determining that the mortgage it holds by assignment is a valid and enforceable mortgage encumbering the properties owned by the Debtors. The Motion is addressed only to Count I of the Complaint and puts into focus the enforceability of the mortgage which by agreement deals only with the mortgage encumbering the property owned by Emerald Village and Emerald Development. The Debtors concede that the facts are indeed without dispute, but in opposition to the Motion contend that by virtue of Section 544(a)(3), they occupy the position of a bona fide purchaser of real property thus by virtue of *Fla.Stat.* 701.02 defeat the mortgage lien asserted by Citibank as a matter of law.

The facts as appear from the record which are relevant are indeed without dispute and can be summarized as follows:

In September 1985, Tietig executed and delivered to Caribank, Citibank's predecessor in interest, a promissory note in the amount of $1.9 million. To secure the payment of the note, Tietig, Lakeside I, Emerald Village and Emerald Development executed and delivered to Caribank a mortgage and security agreement. This mortgage was properly recorded. Thereafter, Tietig executed and delivered to Caribank a

second promissory note, and Caribank obtained and properly recorded a second mortgage on property owned by Tietig and Lakeside I to secure payment of the second note.

In September 1988, Tietig and Lakeside I filed Petitions for Relief under Chapter 11 of the Bankruptcy Code. Three months later, the Federal Deposit Insurance Corporation (FDIC) was appointed as liquidator of Caribank, and some of the assets and liabilities of Caribank were transferred by FDIC to Citibank. Included among these assets were the notes and mortgages described above involving Tietig and Lakeside I. Citibank did not record those mortgages before Emerald Village and Emerald Development filed their Petitions for Relief, respectively, in this Court. In addition, Citibank failed to record its assignment of these mortgages encumbering the properties owned by Emerald Village and Emerald Development prior to the commencement of the Chapter 11 cases filed by these two entities.

Although the parties agree that the facts which are relevant are without dispute, they violently disagree as to the legal effect of these facts with the exception as they apply to the mortgages encumbering the assets of Lakeside I and Tietig. These two Debtors concede that inasmuch as the mortgages granted to Caribank in September of 1985 by Tietig and Lakeside I were recorded prior to the commencement of the Chapter 11 cases filed by these two entities, these mortgages are valid and enforceable. However, Emerald Village and Emerald Development contend that since Citibank failed to record its assignment acquired from Caribank from the FDIC prior to the commencement of the Chapter 11 cases filed by these two entities, they are unenforceable against the properties owned by these two Debtors for the following reasons:

It is the contention of these two Debtors that by virtue of Section 544(a)(3), they occupy the position of a bona fide purchaser of real estate, which interest is superior to the interest claimed by Citibank. Accordingly, Citibank is not entitled to judgment in its favor as a matter of law. Section 544(a)(3) provides (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists. *Fla.Stat.* 701.02 entitled "Assignment not effectual against creditors unless recorded" provides

(1) No assignment of a mortgage upon real property or of any interest therein, shall be good or effectual in law or equity, against creditors or subsequent purchasers, for a valuable consideration, and without notice, unless the same be recorded according to law.

The plain language of this Statute clearly indicates that before an assignee of a mortgage could prevail against the bona fide purchaser of the real estate, there must be a properly recorded assignment. The contention of Citibank that notwithstanding the clear language of the Statute, these Debtors cannot claim the status of a bona fide purchaser for value because they had an actual notice of the mortgage already on record. This argument overlooks the basic theme of § 544 which is that the voiding power granted to the trustee under this Section is granted without regard to any knowledge of the trustee or of any creditor. As stated in 15th Ed., *Collier on Bankruptcy*, Vol. 4 at page 544–5, "it conferred upon the trustee ... the status of 'the ideal creditor, irreproachable and without notice, armed cap-a-pie with every right and power which is conferred by the law of the estate upon its most favored creditor who has acquired a lien by legal or equitable proceedings.'" This description of the status of a trustee and in turn a debtor-in-possession is even stronger under the current law since under the current law, as noted, the trustee occupies the position not only of a judgment lien creditor but also the position of a bona fide purchaser for

value. Thus, the fact that these two Debtors, before becoming armed with the voiding power of a debtor-in-possession had actual knowledge of the recorded mortgage of Caribank is of no consequence and certainly does not detract from the bona fide purchaser for value status granted to these two debtors-in-possession by virtue of § 544(a)(3).

Based on the foregoing, while Citibank is entitled to judgment declaring that its mortgage is valid against the property owned by Tietig and Lakeside I, it is not entitled to any judgment declaring its mortgage valid and enforceable against the properties owned by Emerald Village and Emerald Development. Having concluded that there are no genuine issues of material facts and the issues raised in Count I of the Complaint may be resolved, at least in part, by summary judgment, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Citibank (Florida), N.A., as to Count I be, and the same is hereby, granted against Edward Tietig and Lakeside I Corporation declaring that the mortgage encumbering the properties owned by these two Debtors is valid and enforceable. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment vis-a-vis Emerald Lake Village and Emerald Lake Development and Construction Co., Inc., be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the remaining issues shall be considered at the pre-trial conference to be scheduled before the undersigned in Courtroom A of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on October 10, 1990, at 2:15 p.m. It is further

ORDERED, ADJUDGED AND DECREED that a separate partial final judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.