GOSHORN, Chief Judge.
The American Bank of the South appeals the summary final judgment of foreclosure in favor of Jack Rothenberg, trustee. This case arises from the successive assignment of a note and mortgage and the assignees’ competing claims thereto. We agree with American Bank’s argument that the unrecorded assignment of a promissory note and mortgage, coupled with delivery of the original promissory note, allows the original assignee to prevail over a subsequent assignee of the mortgage who receives only a copy of the note. Accordingly, we reverse and remand for entry of judgment in favor of American Bank.
The material facts are not in dispute. Hawkins Enterprises, Inc. executed a promissory note and a mortgage securing the note to Northeast Mortgage Corporation. The mortgage was recorded. Three days later, Northeast Mortgage assigned the note and mortgage to American Bank. Northeast Mortgage delivered the original promissory note to American Bank as collateral for a line of credit. American Bank held the note and unrecorded assignment of mortgage pending the repayment of the amount it advanced on the line of credit. In November 1988, American Bank learned that the State of Florida was proceeding against Northeast Mortgage for alleged violations of the Investor Protection Act and consequently recorded its assignment of mortgage.
Twelve weeks prior to American Bank’s recording of its assignment, Rothenberg purchased the note and mortgage from Northeast Mortgage and recorded the as *290 signment of mortgage. Rothenberg asserts that he had no knowledge that anyone else had or claimed an ownership interest in the note and mortgage until he received a letter from American Bank. After being contacted by American Bank, he realized he had received only a copy of the promissory note from Northeast Mortgage.
In December 1989, Rothenberg filed the instant foreclosure action and moved for summary judgment. Rothenberg argued that pursuant to section 701.02(1), Florida Statutes (1991),[1] American Bank’s failure to record its assignment of the note and mortgage precluded American Bank from prevailing against him. American Bank answered and counterclaimed to foreclose the mortgage in its favor. American Bank objected to the summary judgment motion and argued that Rothenberg was on actual or constructive notice of the prior assignment of the note and mortgage because Rothenberg received only a photocopy of the original promissory note and hence the statute did not render the assignment to American Bank ineffectual against the assignment to Rothenberg. The trial court entered summary final judgment in favor of Rothenberg.
The confusion in this case arises from the failure of both parties to recognize that section 701.02, titled “Assignment not effectual against creditors unless recorded and indicated in title of document” is inapplicable. This case, involving as it does the competing interests of successive assignees of a note and mortgage, is governed by negotiable instruments law, not the recording statute. Section 701.02 was enacted to protect a creditor or subsequent purchaser of land who has relied on the record satisfaction of a prior mortgage, which satisfaction was executed by the mortgagee after he made an unrecorded assignment of the same mortgage. Manufacturers’ Trust Co. v. People’s Holding Co., 110 Fla. 451, 149 So. 5 (1933). See Rogers, Chapter 20,954, Acts of 1941 (Dealing with Real Property), 15 Fla.L.J. 276 (Oct. 1941). Nothing in the statute makes it applicable to successive assignees of mortgages and we decline to so extend it.[2]
*291 Having determined that the recording statute is inapplicable, the rights of the parties must be determined by the character of the promissory note. In this case, the promissory note meets the requirements of section 673.104, Florida Statutes (1991) and is thus a negotiable instrument. A holder in due course of a negotiable instrument takes the instrument free from all claims to it on the part of any person. § 673.305, Fla.Stat. (1991); Telephone Utility Terminal Company, Inc. v. EMC Industries, Inc., 404 So.2d 183 (Fla. 5th DCA 1981). It is elementary that to be a holder, one must be in possession of the instrument.[3] American Bank, as possessor of a valid assignment of mortgage and holder in due course of the original note, prevails. See Vance v. Fields, 172 So.2d 613 (Fla.1965).
REVERSED and REMANDED for entry of judgment in accordance with this opinion.
DAUKSCH and COWART, JJ., concur.

. Section 701.02 provides:
(1) No assignment of a mortgage upon real property or of any interest therein, shall be good or effectual in law or equity, against creditors or subsequent purchasers, for a valuable consideration, and without notice, unless the assignment is contained in a document which, in its title, indicates an assignment of mortgage and is recorded according to law.
(2) The provisions of this section shall also extend to assignments of mortgages resulting from transfers of all or any part or parts of the debt, note or notes secured by mortgage, and none of same shall be effectual in law or in equity against creditors or subsequent purchasers for a valuable consideration without notice, unless a duly executed assignment be recorded according to law.
(3) Any assignment of a mortgage, duly executed and recorded according to law, purporting to assign the principal of the mortgage debt or the unpaid balance of such principal, shall, as against subsequent purchasers and creditors for value and without notice, be held and deemed to assign and all accrued and unpaid interest secured by such mortgage, unless such interest shall be specifically and affirmatively reserved in such assignment by the assignor, and no reservation of such interest or any part thereof shall be implied.

. See Note, Mortgages: Effect of Failure to Record a Mortgage Assignment in Florida, 7 U.Fla.L.Rev. 93 (1954). In this Note, authored by Justice Stephen H. Grimes while a law student, three grounds were cited in support of the conclusion that the mortgage assignment recording statute does not apply to successive assignments of the same debt and mortgage:
First, the statute by its express terms applies only to "creditors or subsequent purchasers.” The failure of the Legislature to include successive assignees among those protected by the statute is certainly some indication of an intent to exclude them from its operation. Second, to apply the statute to successive assignments of the same debt and mortgage may result in a separation of the debt and the security. Such a result is patently undesirable. The holder of the mortgage unaccompanied by the debt has no enforceable right against the mortgagor. The mortgage, in such a situation, is a meaningless piece of paper. On the other hand, the holder of the debt alone has no security upon which he can depend for satisfaction thereof. In either case, the mortgagor receives an undeserved windfall. Finally, the statute was apparently passed to protect purchasers of the land in situations in which the mortgagee makes a fraudulent satisfaction of the mortgage subsequent to an unrecorded assignment. The problem of the priority of successive assignees of the same note and mortgage was not then before the Legislature. [Footnotes omitted].
*291 ld. at 97.

. An exception to the requirement of possession is made where the owner can prove "his ownership, the facts which prevent his production of the instrument and its terms.” § 673.804, Fla. Stat. (1991); Gutierrez v. Bermudez, 540 So.2d 888 (Fla. 5th DCA 1989).