In re Tarek **HALABI** a/k/a
Tito Halabi, Debtor.

Soneet R. **KAPILA,** Trustee, Plaintiff,

v.

**FARRAGUT MORTGAGE CO. INC.,** a Massachusetts corporation, Atlantic Mortgage & Investment Corporation, a Florida corporation, Federal Home Loan Mortgage Corporation, Maria V. Materazzi and Bernard Berman, Esq., Defendants.

Bankruptcy No. 94–32109–BKC–PGH.
Adv. No. 95–0577–BKC–PGH–A.

United States Bankruptcy Court,
S.D. Florida.

Jan. 25, 1996.

Michael R. Bakst, Ackerman, Bakst & Cloyd, P.A., West Palm Beach, FL, for trustee.

Anne S. Mason, Mangrove Bay, Clearwater, FL.

***FINDINGS OF FACT AND CONCLUSIONS OF LAW ON SONEET R. KAPILA'S, TRUSTEE IN BANKRUPTCY FOR TAREK HALABI A/K/A TITO HALABI, MOTION FOR SUMMARY JUDGMENT AND ON ATLANTIC MORTGAGE AND INVESTMENT CORPORATION AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S CROSS MOTION FOR SUMMARY JUDGMENT***

PAUL HYMAN, Jr., Bankruptcy Judge.

**THIS CAUSE** came before the Court pursuant to Soneet R. Kapila's, Trustee in Bankruptcy for Tarek Halabi a/k/a Tito Halabi ("Trustee"), Motion for Summary Judgment as to the Defendants Atlantic Mortgage and Investment Corporation and Federal Home Loan Mortgage Corporation (the "Motion"), and Atlantic Mortgage and Investment Corporation ("Atlantic") and Federal Home Loan Mortgage Corporation's ("Federal") Opposition to Trustee's Motion for Summary Judgement and Cross Motion for Summary Judgment (the "Cross Motion"). The Court having reviewed and considered the Motion,

the Cross Motion, Memoranda of Law in support of the Motion and Cross Motion, Trustee's Response in Opposition to Defendants Atlantic and Federal's Cross Motion for Summary Judgment (the "Trustee's Response") and supporting evidence and, having noted that the material facts are not in dispute, and being otherwise fully advised in the premises hereby makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

This bankruptcy action was commenced by the filing of a Chapter 7 bankruptcy petition for Tarek Halabi a/k/a Tito Halabi (the "Debtor"), on June 24, 1994. Soneet R. Kapila is the duly appointed and qualified Trustee who, pursuant to a previous adversary proceeding, has obtained title to real property located in Palm Beach County, Florida (the "Real Property") which is described more specifically as:

UNIT 109, BUILDING 3, LAKESIDE

A parcel of land in Section 24, Township 46 South, Range 42 East, Palm Beach County, Florida, being more particularly described as follows: COMMENCING at the Southeast corner of SHADYWOODS PHASE 1, as recorded in Plat Book 34, Pages 103 and 104 of the Public Records of Palm Beach County, Florida; Thence North 89°06′55″ East, along a line parallel with and 106.00 feet North of, as measured at right angles to the South line of said Section 24, a distance of 661.69 feet; Thence North 50°53′06″ West, a distance of 78.38 feet, to the Point Of Beginning; Thence North 50°53′06″ West, a distance of 39.92 feet; Thence South 39°06′54″ West, a distance of 33.92 feet; Thence South 50°53′06″ East, a distance of 39.92 feet; Thence North 39°06′54″ East, a distance of 33.92 feet, to the POINT OF BEGINNING.

In an effort to quiet title to the Real Property, on May 5, 1995, the Trustee filed a Complaint against five defendants pursuant to Bankruptcy Rule 7001(2) and 11 U.S.C. § 549 seeking a determination of amount, priority, and validity of liens, as well as, to set aside post-petition transfers. The Trustee subsequently filed the Motion against Atlantic and Federal (hereinafter referred to as the "Defendants") seeking a determination that any lien interest which the Defendants may claim is inferior to that of the Trustee pursuant to 11 U.S.C. § 544. In addition, the Trustee claims that since Atlantic's lien was perfected post-petition, the perfection of such lien should be set aside in accordance with 11 U.S.C. § 549.

On April 13, 1990 the Debtor executed and delivered to Republic Savings Bank ("Republic") a purchase money mortgage (the "Mortgage") and a note (the "Note"), which granted Republic a lien on the Real Property. It is undisputed that the lien granted by this mortgagee was properly perfected. On March 31, 1992, the Mortgage and the Note were assigned to Farragut Mortgage Co., Inc. ("Farragut"). This assignment of the Mortgage was recorded in the Public Records on May 26, 1992.[1] On March 16, 1994, Farragut assigned the Mortgage and Note to Atlantic. Atlantic recorded this assignment of the Mortgage in the Public Records of Palm Beach County on August 11, 1994, a month and a half after the commencement of this bankruptcy proceeding. Thereafter, Atlantic assigned the Mortgage and Note to Federal. Federal did not record its assignment of the Mortgage in the Public Records of Palm Beach County, as of the date of the filing of this adversary proceeding.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this subject matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding whereby this Court is authorized to hear and determine all matters regarding this case in accor-

---

1. On October 6, 1995, the Clerk of the Court entered a default against Farragut. Thereafter, on October 18, 1995, this Court entered a Final Judgment against Farragut holding that the Trustee had a superior lien and property interest in the Real Property. Since Farragut assigned to Atlantic its interest in the Mortgage and Note on March 16, 1994, Farragut no longer had an interest in the Mortgage as of the date of the Clerk's entry of default and this Court's entry of Final Judgment. The Final Judgment merely memorializes this fact and has no affect on the Defendants' interests in the Mortgage or Note or their claims against the Trustee.

dance with 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(K) and 157(b)(2)(O).

■ In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. *Gui L.P. Govaert, Trustee, et al. v. Southern Nat'l Bank of North Carolina and Anthony S. Caserta, Debtor (In re Anthony Sestilio Caserta, Debtor),* 182 B.R. 599, 603–605 (Bankr.S.D.Fla.1995). Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment shall be entered only if "there is no genuine issue as to any material fact and ... the moving party is entitled to summary judgment as a matter of law." Fed.R.Civ.P. 56; *Clemons v. Dougherty County, Georgia,* 684 F.2d 1365, 1368 (11th Cir.1982) citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

A fact is material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). There is no genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Co.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Having reviewed the relevant pleadings, the Trustee's Motion, Defendants' Cross Motion, the Trustee's Response, and supporting evidence, this Court finds that there is no genuine issue of material fact that is in dispute and summary judgment must be granted in favor of Atlantic and Federal as a matter of law.

■ The Trustee claims that since Atlantic recorded its assignment of the Mortgage post-petition, the assignment is avoidable by the Trustee possessing the rights and powers of a bona fide purchaser or a hypothetical judicial lien creditor of the Debtor pursuant

to Fla.Stat. § 701.02 and 11 U.S.C. §§ 544 and 549. According to Fla.Stat. § 701.02:

> (1) No assignment of a mortgage upon real property or of any interest therein, shall be good or effectual in law or equity *against creditors or subsequent purchasers,* for a valuable consideration, and without notice, unless the assignment is contained in a document which, in its title, indicates an assignment of mortgage and is recorded according to law (emphasis added).

While Fla.Stat. § 701.02 requires the recording of an assignment of a mortgage for the assignment to have priority over creditors or bona fide purchasers, this Court finds that such recording requirements are only applicable to competing creditors or subsequent bona fide purchasers of the mortgagee; not the mortgagor. See *Bradley, et al. v. Forbs, et al.,* 116 Fla. 350, 156 So. 716 (1934) (purchaser of mortgaged property at sheriff's sale was not permitted to defend against foreclosure by assignee of mortgage who failed to record assignment since unrecorded assignment invalid as against creditors and subsequent purchasers of mortgage without notice [2]).

■ This position is further bolstered by the plain language of Fla.Stat. § 679.302. Pursuant to Fla.Stat. § 679.302(2):

> If a secured party assigns a perfected security interest, *no* filing under this chapter is required in order to continue the perfected status of the security interest against creditors of and transferees from the original debtor (emphasis added).

Since Republic properly recorded the Mortgage, the Defendants were not required to file their assignments of the Mortgage to continue the perfection of their interest in the Mortgage. The recording requirement of Fla.Stat. § 701.02 relates only to competing creditors' interest or bona fide purchasers of the mortgagee. Since the requirements of Fla.Stat. § 701.02 do not apply to

---

**2.** The Florida Supreme Court in *Bradley, et al. v. Forbs, et al.* applied Chapter 6909, Acts 1915, section 3841, R.G.S. section 5744, C.G.L. of the Florida Statutes, which was the predecessor of Fla.Stat. § 701.02. Having reviewed the historical and statutory notes and the Florida Supreme Court's interpretation of Chapter 6909, Acts 1915, this Court notes that the statutory law regarding the assignment of mortgages currently codified as Fla.Stat. § 701.02 has remained the same.

competing interests between mortgagors or mortgagees, this Court finds that the Trustee's assertion that the Trustee may avoid the Defendants' lien in the Real Property must fail.

Furthermore, according to 11 U.S.C. § 544, a trustee is empowered to stand in the shoes of the debtor and act as a hypothetical third-party lien creditor and may properly contest the validity of certain liens. *In re George Rodman, Inc.*, 38 B.R. 822 (Bankr. Okla.1984). However, pursuant to the plain language of 11 U.S.C. § 544(a), a trustee is only entitled to exercise such strong arm "lien avoidance" powers to "avoid any transfer of *property of the debtor* or any obligation incurred by the debtor ..." (emphasis added).

In addition, according to 11 U.S.C. § 549, a trustee also has been granted the authority to avoid certain post-petition transfers which are not authorized by the Bankruptcy Code or by a court of appropriate jurisdiction. The plain language of 11 U.S.C. § 549(a) clearly states, however, that a trustee only has such avoidance powers "to avoid a transfer of *property of the estate*" that occurs after the commencement of the Bankruptcy proceeding (emphasis added). Therefore, this Court finds that, pursuant to the plain language of 11 U.S.C. §§ 544(a) and 549(a), the Trustee can only exercise such avoidance powers to recover the Debtor's interest in property, which subsequently becomes property of the estate. Neither the assignments of the Mortgage and Note between Farragut and Atlantic or between Atlantic and Federal, nor Atlantic's post-petition recordation of the assignment constitutes a transfer of the Debtor's interest in a property right or a transfer of property of the Debtor's estate. Instead, such assignments of the Mortgage are transfers of the Defendants' interest in the Mortgage. Neither creditors nor bona fide purchasers of the Debtors would be able to avoid the assignments of the Mortgage under Fla.Stat. §§ 701.02 or 679.302. Thus, the Trustee cannot avoid the assignment pursuant to 11 U.S.C. §§ 544 or 549.

The Court is cognitive that in *Lakeside I Corp., Edward C. Tietig, et al. v. Citibank (Florida), N.A. (In re Lakeside I Corp., et al.)*, 120 B.R. 213, 214 (Bankr.M.D.Fla.1990), Judge Paskay held that 11 U.S.C. § 544(a)(3) permitted debtors to occupy the position of a bona fide purchaser of real estate and avoid an assignee's interest in a properly perfected mortgage. This Court, however, declines to follow the holding of Judge Paskay based on the plain language of Fla.Stat. §§ 701.02 and 679.302 and 11 U.S.C. §§ 544(a) and 549(a).

Therefore, this Court finds that the Trustee does not have the power pursuant to 11 U.S.C. §§ 544(a) or 549(a) to avoid the Defendants' interest in the Mortgage. Based on the foregoing Findings of Fact and Conclusions of Law, it is hereby:

**ORDERED AND ADJUDGED** that:

1. The Plaintiff's Motion is hereby denied.

2. The Defendant's Cross Motion is hereby granted against the Plaintiff.

3. This Court shall retain jurisdiction to enter any additional orders necessary to effectuate the provisions of this Order.

4. A separate and final judgment shall be entered in accordance with the findings on even date.

**DONE AND ORDERED.**