In re Orville J. JACKSON and Deborah Jackson, Debtors.

Orville J. Jackson and Deborah Jackson, Plaintiff,

v.

Capital Asset Research Corp., Defendant.

Bankruptcy No. 1–98–05025.
Adversary No. 1–00–00043.

United States Bankruptcy Court, M.D. Pennsylvania.

March 19, 2003.

Dorothy L. Mott, Harrisburg, PA, for debtor.

Charles J. Dehart, III, Hummelstown, PA, trustee.

## ORDER

MARY D. FRANCE, Bankruptcy Judge.

Debtors own certain real estate located at 2318 North Fifth Street in Harrisburg, Pennsylvania for which they failed to pay municipal charges and fees for water, sewer, and solid waste disposal. In 1993, pursuant to the Municipal Claims and Tax Liens Act (MCTLA), 53 P.S. § 7101 et. seq., the City of Harrisburg recorded liens, docketed as "mechanics liens," against the property. On April 22, 1997, Debtors filed for bankruptcy relief under Chapter 7.

On May 21, 1997, the City of Harrisburg assigned the claims for delinquent taxes to National Tax Funding, L.P. (NTF). NTF

did not record lien documents with the Prothonotary of the Court of Common Pleas of Dauphin County. Rather, on May 21, 1997, an attorney for the City filed a praecipe with the Prothonotary's office stating that the City's liens against Debtors' property had been assigned to NTF. Capital Asset Research Corporation (CARC), the Defendant herein, is the servicing agent for the collection of the claims assigned to NTF.

On December 18, 1998, NTF filed three proofs of claim to which Debtors filed objections on February 2, 2000.[1] A hearing on the objections was held on April 6, 2000. After NTF failed to file an answer to the objections or appear at the hearing, an Order was entered disallowing and dismissing the claims.

On February 25, 2000 Debtors filed the instant adversary action to avoid the liens assigned to NTF by using the "strong arm clause" of 11 U.S.C. § 544 and the avoidance powers of § 545. Specifically, Debtor invokes § 545(2), which provides that "the trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ... is not perfected or enforceable at the time of the commencement of the case against a bona fide [hypothetical] purchaser...." Debtors assert that the praecipe filed by the City's attorney was not effective to perfect NTF's liens. As a result, the liens were not perfected vis-a-vis a hypothetical purchaser on the date of the Petition and, therefore, may be avoided. That is the issue now before me.

■ Initially, I note that § 545 refers only to "the trustee" and not to "the debtor". However, the Third Circuit has held that a debtor in Chapter 13 may, pursuant to § 522(h), stand in the shoes of a trustee

to avoid any liens that, according to state law, have not been properly perfected by the time the debtor has commenced the bankruptcy proceeding. See, 11 U.S.C. § 544(A)(3), *McLean v. City of Philadelphia Revenue Bureau,* 891 F.2d 474 (3d Cir.1989). Thus, the Debtor has standing to initiate the instant adversary.

■ Debtor asserts that *In re Thomas,* 1999 WL 1102991, 1999 Bankr.LEXIS 1515 (Bankr.W.D.Pa.) *vacated as advisory,* Civil Action No. 01–385 (W.D.PA. March 21, 2002) *(Thomas I)* applies foursquare to the instant matter. In *Thomas I,* the Court ruled that a debtor could avoid claims that had been sold and assigned post-petition by the City of Pittsburgh to NTF for unpaid taxes and municipal charges because such liens were not perfected in the name of NTF on the date of the Petition. The Court reasoned that although the tax claim of the City of Pittsburgh was transferrable, the priority status afforded to the City's secured claim was not. When requested to reconsider and amend the Order, the Court reaffirmed its holding that NTF's lien was unenforceable and avoidable. *In re Thomas,* 2001 WL 55533 (Bankr.W.D.Pa.)*(Thomas II).*

After *Thomas II* was rendered, the District Court for the Western District of Pennsylvania examined the identical issue on appeal from another bankruptcy case. Rather than analyzing the impact of the Bankruptcy Code on the attributes of a municipal lien, the District Court simply construed the Pennsylvania statute on its face and held that "[t]here is nothing in the statute that indicates that assignees should be treated differently from municipalities for purposes of these claims." *In re Swinton,* 287 B.R. 634, 637 (W.D.Pa.

---

1. Debtors' Chapter 13 plan, which was confirmed on August 25, 1999 proposed that no payments be made to the City of Harrisburg for the claims related to the North Fifth Street property. Debtors' plan did not address or provide for the claims of NTF.

2003). *Swinton* examined the holdings of the Commonwealth Court of Pennsylvania in *Maierhoffer v. GLS Capital, Inc.,* 730 A.2d 547 (Pa.Cmwlth.Ct.1999), in which the Court held that government entities were permitted to assign their rights in certain municipal claims and liens, and *Pentlong Corp. v. GLS Capital, Inc.,* 780 A.2d 734, 746 (Pa.Cmwlth.Ct.2001) in which it concluded that such assignees did not acquire a delinquent tax, but rather an *in rem* lien purchased under the MCTLA. Disregarding the cumbersome construction used by the Commonwealth Court, the *Swinton* court instead turned to the Court of Appeals for the Third Circuit in *Pollice v. National Tax Funding, L.P.* 225 F.3d 379, 389–390 (3d Cir.2000). Therein the Court of Appeals reiterated that the assignee of a municipal lien "stands in the shoes" of the government entity with regard to these liens.

I agree with the District Court that there is nothing in the Pennsylvania statute that indicates that rights of assignees should be diminished when they purchase a municipal claim. Section 7147 of the MCTLA clearly states that an assignee "shall have all the rights of the original holder thereof." Therefore, private parties "stand in the shoes" of the government entity and enjoy the same rights.

This interpretation of the MCTLA not only is in accord with the principles of statutory construction, it also constitutes sound public policy. Assignments of mortgages are commonplace in the banking industry today, and the Bankruptcy Code generally does not limit post-petition assignments. *See, e.g., In re Noletto,* 280 B.R. 868, 870 (Bankr.S.D.Ala.2001); *In re Giordano* 212 B.R. 617, 619 (9th Cir. BAP

(Wash.), 1997); *In re Halabi,* 196 B.R. 631 (Bankr.S.D.Fla.1996); *In re South Plaza Ventures* 167 B.R. 535, 536 (Bankr. E.D.Mo.1994); *In re Heritage House Interiors, Inc.,* 122 B.R. 605, 608 (Bankr. M.D.Fla.1990); *In re WRB West Associates Joint Venture,* 106 B.R. 215, 216 (Bankr.D.Mont.1989). To hold otherwise not only would jeopardize the market value of municipal liens, it also could cast a pall of uncertainty over the rights of assignees of mortgages and other liens.

For these reasons, I must conclude that the assignment of the lien in this instance was effective and cannot be avoided through Section 544. Therefore, the Adversary Complaint in the above-captioned matter shall be and hereby is dismissed.