M. C. FOWLER, *Appellant*, vs. JOSEPHINE E. LEE, executrix, etc. et al., *Appellees*.

143 So. 613.

Division B.

Opinion filed September 20, 1932.

Petition for rehearing denied October 25, 1932.

*Macfarlane, Pettingill, Macfarlane & Fowler*, for Appellant;

*Hampton & Bull*, for Appellees.

TERRELL, J.—J. G. Beddingfield sold Lot One of Block Two, West Hyde Park subdivision, Tampa, Florida, to C. A. Marks, executing his warranty deed therefor, free and clear of all encumbrances. In payment for said lands, Marks executed to Beddingfield four promissory notes of $5,342.75 each, due in one, two, three, and four years, se-

cured with a mortgage on the lands. Through numerous mesne conveyances, the title to said lands descended to Fowler Properties, Inc., each time being conveyed by warranty deed free and clear of all encumbrances except the mortgage heretofore referred to. Fowler Properties, Inc., had no interest whatever in the title to the property but took it as trustee for a foreign syndicate which later incorporated in Florida under the name of "Snow and Swann, Inc." to which the title was transferred by Fowler Properties, Inc., May 27, 1926.

The appellant, Mrs. M. C. Fowler, was the agent of the syndicate, Snow and Swann, Inc., and at its maturity purchased the first of the Beddingfield notes as evidenced by the following receipt and agreement signed by Mr. Beddingfield dated March 3, 1926:

"This is to acknowledge receipt from you today of $5,342.75 amount of note due on February 26, 1926, on first mortgage; also interest on said note and interest on two other notes of like amount maturing in 1927 and 1928. The total amount of check being $6,198.71.

"Said note is signed by C. A. Marks and is a portion of a first mortgage on Lot 1 of Block 2 of West Hyde Park subdivision, as same is shown by map thereof recorded in Plat Book 2, page 36, public records of Hillsborough County, Florida.

"Your statement to me is that this property was purchased for a syndicate, and the syndicate could not make the payments; and as I was not willing to extend the note, that would buy it from me. I therefore recognize your interest in the first mortgage to this amount against the property described above, and will protect your interest in same in case of foreclosure. It is understood that you are not paying the above note, but are buying it from me."

In March 1927, D. C. Lee and L. C. Edwards, grantors in two of the mesne conveyances between Beddingfield and Fowler Properties, Inc., filed a suit in equity to foreclose the mortgage made to them by Dan F. Carlton Company,

one of the mesne vendees. When the final decree in the foreclosure suit was entered, C. A. Marks, Beddingfield's grantee, borrowed ten thousand dollars from appellees, Mr. and Mrs. H. F. Vatterlin and executed to them his mortgage on said lands to secure this loan, arrangements for which were made prior to the foreclosure decree. Beddingfield then executed a satisfaction of his mortgage from Marks without the knowledge of Mrs. Fowler which with the mortgage from Lee to Mrs. Vatterlin was placed on record.

In December 1927, M. C. Fowler as complainant filed her bill in chancery against appellees as defendants, praying for an accounting to ascertain the amounts due her under the aforesaid mortgage and requiring said defendants to pay her such sum or sums as may be found to be due as a result of such accounting, including her costs and a reasonable attorney's fee, and in default thereof that such mortgaged premises be sold to satisfy such indebtedness. Answers were filed, testimony was taken and on final hearing, the bill of complaint was dismissed at the cost of complainant. This appeal is from that order.

The sole question necessary for our determination is whether or not Mrs. Fowler acquired a lien in the mortgaged property as against Beddingfield and if so was that lien superior to the one held by the Vatterlins.

The answer to this question turns on whether or not Mrs. Fowler paid the note as a gratuity or whether she purchased it outright. The whole transaction was speculative, we discern nothing in reason or in the record to lead us to the conclusion that the note was paid as a gratuity or that Mrs. Fowler was acting as a volunteer but on the other hand the receipt signed by Mr. Beddingfield as quoted herein shows conclusively that Mrs. Fowler was a purchaser of the note, and that, to that extent, she acquired an interest in the mortgage. Much evidence in

the record attempts to explain away the effect of this receipt or letter of assignment but when thoroughly analyzed and viewed in the large, it supports the appellant's contention.

The record discloses that Mrs. Fowler was a stockholder in Gillett-Fowler, Inc., of Tampa, one of the stockholders in Snow and Swann, Inc., the syndicate which owed Beddingfield for the note. When the note matured, Beddingfield refused Snow and Swann, Inc., an extension and Mrs. Fowler purchased the note to protect her associates and the corporation in which she was a stockholder. If there was nothing more in the record to the contrary to hold that the appellant, who like many others was a boom time speculator in real estate, purchased the note in question as gratuity, under the circumstances of this case would be a stretch of the imagination that this Court cannot indulge.

The appellant was therefore an equitable assignee pro tanto, of the note and mortgage. Taylor vs. American Nat. Bank of Pensacola, Florida, 63 Fla. 631, 57 So. 678; McClure vs. American Nat. Bank of Pensacola, Florida, 67 Fla. 32, 64 So. 427; Evins vs. Gainesville Nat. Bank 80 Fla. 84, 85 So. 659; McClure vs. Century Estates 96 Fla. 568, 120 So. 4, and is entitled to be subrogated to the lien of it. Kent vs. Bailey 181 Ia. 489, 164 N. W. 852; Emmert vs. Thompson 49 Minn. 386, 52 N. W. 31; Piedmont Coal Co. vs. Hustead 294 Fed. 247, 32 A. L. R. 556; Neal vs. Buffington, 42 W. Va. 327, 26 S. E. 172.

But appellees contend that the right of subrogation cannot be claimed until the whole demand of the creditor has been satisfied. Subrogation is not dependent on contract, strict suretyship, or priority but arises out of equitable considerations. As a general rule, one cannot claim it unless the demand of the creditor is paid in full as subrogation pro tanto may impair the interest of the creditor in respect to the unpaid balance. This rule is for the benefit

of the original creditor and does not apply where the balance of the debt has been satisfied by the principal or in some other manner. In such a case, subrogation arises in favor of the one who paid the part of the debt against the debtor, who received the benefit of such payment. Forman vs. First Nat. Bank of Quincy 76 Fla. 48, 79 So. 742; Miami Mtg. and Guaranty Co. vs. Drawdy 99 Fla. 1092, 127 So. 323; Journal Publishing Co. vs. Barber, 165 N. C. 478, 81 S. E. 695, text 701; Marks vs. Baum Building Co. 73 Okla, 264, 175 Pac. 818, text 823; N. J. Bldg. Loan Co. vs. Cumberland Land and Improvement Co. 53 N. J. Eq. 644, 33 Atl. 964; Foos Gas Engine Co. vs. Fairview Land and Cattle Co. ... Tex. Civ. App. ..., 185 S. W. 382. This case is well within the exceptions to the general rule as here approved, Beddingfield having testified that all notes were paid in full before this suit was brought.

It follows that the decree below must be and is hereby reversed.

Reversed.

WHITFIELD, P.J. AND DAVIS, J., concur.

BUFORD, C.J. AND ELLIS, J., concur in the opinion and judgment.

BROWN, J., dissents.

BROWN, J., dissenting.—It seems to me that the Vatterlins stand in the position of innocent purchasers without notice of Mrs. Fowler's interest in the Beddingfield Mortgage. If there is any evidence in the record showing that when the Vatterlin's took their mortgage they had notice of Mrs. Fowler's ownership of one of the first mortgage notes, then I could concur. Counsel for appellee stoutly contest this point. It would seem that Mrs. Fowler has a good cause of action as against Beddingfield and Edwards & Lee, but I doubt if notice is shown to the Vatterlins.