JOSEPHINE E. LEE, Executrix of the Estate and sole devisee of D. C. LEE, deceased, *et al.,* v. M. C. FOWLER.

155 So. 647.
Division B.
Opinion Filed June 14, 1934.

*Hampton, Bull & Crom* and *Paull E. Dixon,* for Appellants;

*Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellee.

PER CURIAM.—The law of this case is enunciated in Fowler v. Lee, 106 Fla. 712, 143 Sou. 613.

In Palm Beach County v. Palm Beach Estates, 110 Fla. 77, 148 Sou. 544, we said:

"It is the general rule that where a party to a suit has assumed an attitude on a former appeal, and has carried his case to an appellate adjudication on a particular theory asserted by the record on that appeal, that he is estopped to assume in a pleading filed in a later phase of that same case, or on another appeal, any other or inconsistent position toward the same parties and subject matter. See Palm Beach Estates v. Croker, 106 Fla. 617, 143 Sou. Rep. 792; Taylor v. Crook, 136 Ala. 354, 34 Sou. Rep. 905; 96 A. S. R. 26; Note 3, Eng. Rul. Cases 327; Mark v. Hyatt, 135 N. Y. 306; 31 N. E. Rep. 1099, 18 L. R. A. 275; Scanlon v. Walshe, 81 Md. 118, 31 Atl. Rep. 494, 48 A. S. R. 488; Norfolk & O. V. Ry. Co. v. Consolidated Turnpike Co., 111 Va. 131, 68 S. E. Rep. 346, Ann. Cas. 1912-A 239; Holley v. Young, 68 Me. 215, 28 Am. Rep. 40.

The foregoing is the doctrine of estoppel against inconsistent positions in judicial proceedings, not the doctrine of *res adjudicata*. It is based upon the theory that where a party has made a record of his own case upon which record he has sought and secured from a court a final judicial order or judgment based on the allegation made by him that the facts of his case as alleged by him in his own pleadings are true, which allegations as to the issuable facts have been likewise accepted by the opposite party as true, for the purpose of having rendered by the Court its final decision or judgment on such record, that thereafter each of the parties is estopped to alter his position on the record to the prejudice of an adverse party, where the parties and the subject matter involved in the litigation remain the same."

The decree appealed from conforms to the opinion and judgment entered by this Court in disposing of the cause on former appeal *supra.*

The decree should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.