143 So.2d 709 (1962)
NATIONAL SURETY CORPORATION, f/u/b/o Hilton A. Dabson, Appellant,
v.
Myron S. BIMONTE, Appellee.
No. 61-860.
District Court of Appeal of Florida. Third District.
August 21, 1962.
Rehearing Denied September 6, 1962.
Fowler, White, Gillen, Humkey & Trenam and John D. McKee, Jr., Miami, for appellant.
Arthur J. Berk, Miami, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
HORTON, Judge.
Appellant, plaintiff below, seeks review of an adverse summary final judgment in a negligence action.
On November 21, 1959, the defendant's automobile collided with that owned by the *710 plaintiff's insured, Hilton A. Dabson. On January 29, 1960, the plaintiff paid Dabson $1,522.69 for the damage done to his vehicle. On February 3, 1960, the plaintiff's adjuster sent the following letter to the defendant:
"Dear Mr. Bimonte:
"On November 21, 1959, your automobile was involved in a collision with the vehicle of our above-insured [Dabson]. As a result of the accident Mr. Dabson's car was damaged to the extent of $1622.69, which damage is covered by collision insurance carried by us.
"Our investigation discloses that the accident was due to the negligent operation of your automobile, so we look to you for payment of this amount. If you are covered by insurance against loss for accidents of this nature, kindly refer this letter to your insurance company. If not, please contact us at once with reference to disposition."
Shortly thereafter, the defendant's attorney made an offer of settlement to the plaintiff. On April 27, 1960, the defendant paid Dabson $500 in return for a written total release of liability. Subsequently, the plaintiff brought this negligence action against the appellee seeking to recover the amount it paid to Dabson. The defendant pleaded release of liability as an affirmative defense and moved for summary judgment. After hearing, the trial court entered the judgment appealed in favor of the defendant.
The appellant's sole contention is that the appellee should be estopped to rely on the release which was obtained from Dabson with knowledge of the appellant's right to subrogation. We find this contention to be without merit.
Assuming, without deciding, that an estoppel could arise in a case where a tortfeasor, with knowledge of an insuror's perfected subrogation rights, negotiated for and obtained a release of liability from the insured, no such estoppel would arise under the facts of the case at bar. The letter relied upon by the plaintiff to support its contention was not sufficient to apprise the defendant of the plaintiff's perfected subrogation rights so as to warrant a holding that the defendant had knowledge of such rights. The plaintiff's right to subrogation arose out of the terms of a contract to which the defendant was not a party, and of whose terms he was not cognizant. Further, the plaintiff's right to subrogation was not perfected until it paid the claim of its indemnitee in full.[1] The letter neither apprised the appellee of the terms of the contract nor informed him that Dabson's claim had been paid in full. Under the circumstances the trial court was correct in entering summary judgment in favor of the appellee. Accordingly, the summary judgment appealed is affirmed.
Affirmed.
NOTES
[1] Fowler v. Lee, 106 Fla. 712, 143 So. 613; Whyel v. Smith, 101 Fla. 971, 134 So. 552.