PEARSON, Judge.
The appellant, Paul Russak, was insured by the appellee, State Farm Mutual Automobile Insurance Company, under an automobile liability policy which included collision coverage. Janice Russak, the appellant’s wife, was involved in an automobile collision with one Alan Telisman while she was operating an automobile owned by her husband. As a result of the collision, the appellant’s automobile was damaged and Janice Russak sustained personal injuries. Thereafter, appellant made a claim under the coilision coverage with State Farm for the damage to his automobile. The claim in the amount of $1,250 was paid, and the company received from appellant a sub-rogation receipt in the usual form which specifically provided that “ . . .no such settlement will be made nor release given by the undersigned without the written consent of the said insurer and the undersigned covenants and agrees to cooperate fully with said insurer in the prosecution of such claims . . . ”.
Thereafter, appellant and his wife filed suit for personal injuries to the wife. Upon the settlement of the suit for personal injuries, appellant and his wife executed a general release specifically including property damage. Then, the appellee, without knowledge of the general release, filed suit to enforce its subrogation rights. Upon the presentation of the general release, however, the appellee insurance company’s suit was voluntarily dismissed. The present suit was then filed by the appellee insurance company against the appellant alleging breach of the subrogation agreement. After the filing of answer and discovery proceedings, an affidavit was filed, and the trial court entered a summary judgment upon the motion of the appellee.
On this appeal, no claim is made that there is a genuine issue of material fact. Rather, each of appellant’s points urge that the summary judgment was improperly entered as a matter of law.
In Titus v. Emmco Insurance Company, Fla.App.1959, 109 So.2d 781, the insured received a satisfaction of a judgment in a suit which effectively barred an insurance company from proceeding under its sub-rogation rights. This court held that the insurance company had a right to recover from the insured. In so holding, we stated:

“As to the insurance company, he [the insured] occupied a fiduciary relationship and owed to his beneficiary the usual duties of diligence, competence and good faith owed by a trustee. Hayward v. State Farm Mutual Automobile Insurance Company, 212 Minn. 500, 4 N.W.2d 316, 140 A.L.R. 1236.”

We think that the case at bar is governed by this holding. See also the reasoning of the Court of Appeals of Georgia in Clark v. American Casualty Company, 96 Ga.App. 328, 99 S.E.2d 897 (1957).
Affirmed.