552 So.2d 1127 (1989)
Norma ORTEGA, Appellant,
v.
MOTORS INSURANCE CORP., a Foreign Corporation As Subrogee for Norma Ortega, Appellee.
No. 88-3087.
District Court of Appeal of Florida, Third District.
October 10, 1989.
Rehearing Denied December 14, 1989.
*1128 Fleitas & Bujan and Jesus F. Bujan, Miami, for appellant.
Kurzban Kurzban & Weinger, P.A., and Laurie Bolch, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and JORGENSON, JJ.
JORGENSON, Judge.
Norma Ortega appeals from an order of final summary judgment entered for Motors Insurance Corporation (Motors) in an action for breach of a subrogation agreement. For the following reasons, we reverse and remand.
In 1985, Ortega was involved in an automobile accident with Juan Carlos Diaz. Motors, Ortega's insurer, paid her $14,906.35 for damage to her automobile and provided her with a substitute vehicle. Ortega signed a subrogation agreement with Motors. State Farm, Diaz's insurer, in turn paid Motors $5,000, the policy limits, pursuant to Motors' subrogation claim. Motors, as subrogee for Ortega, sued Diaz for the difference between the $14,906.35 it had paid to Ortega and the $5,000 it had received from State Farm. Diaz raised the affirmative defense that releases executed by Ortega for property damage and bodily injury barred the subrogation action. Motors then amended its complaint against Diaz to add Ortega as a defendant. Motors alleged that Ortega had breached the subrogation agreement in signing the releases and had prejudiced Motors' rights as subrogee against Diaz. Motors moved for summary judgment on its claim against Ortega; the trial court granted that motion and, in doing so, erred.
In National Surety Corp. v. Bimonte, 143 So.2d 709 (Fla. 3d DCA 1962), this court assumed, without deciding, that a tortfeasor who negotiated for and obtained a release of liability from the insured with knowledge of an insurer's perfected subrogation rights was estopped from raising that release as an affirmative defense to the insurer's subrogation action. We now explicitly adopt the principle well established in other jurisdictions that "where the tortfeasor obtains a release from the insured with knowledge that the latter has already been indemnified by the insurer such release of the tortfeasor does not bar the right of subrogation of the insurer." 16 Couch on Insurance 2d, § 61:201 (2d ed. 1983), and cases cited therein (emphasis added). See also 31 Fla.Jur.2d Insurance § 958 (1981) ("If the tortfeasor, with knowledge of the insurer's perfected subrogation rights, negotiates for and obtains a release of liability from the insured, the tortfeasor is estopped to rely on the release, and the insurer may recover from the tortfeasor the amount that it paid to its insured.").
The record shows that Diaz and State Farm knew that Motors had perfected its subrogation rights. The claims representative for State Farm testified in his deposition that when he negotiated for and obtained the releases he knew that Motors' lawsuit was pending against Diaz. Diaz knew that Motors had perfected its subrogation rights; those rights were the basis of the pending lawsuit in which he was a defendant and in which he had filed responsive pleadings.
Because the tortfeasor had knowledge of Motors' perfected subrogation rights when Ortega executed the releases, he was estopped from raising those releases as a defense to Motors' action. The releases did not prejudice Motors' subrogation rights. Motors, therefore, was not entitled to summary judgment against Ortega.[1]
*1129 Reversed and remanded for proceedings consistent with this opinion.
NOTES
[1] There is nothing in the record to show that Ortega breached any agreement with Motors. Motors' subrogation form provides:

In further consideration of the payment of the above amount by the Corporation, the undersigned hereby agrees that the said Corporation shall be vested with all rights and causes of action the undersigned has against any person, persons or corporation whomsoever for damages to the insured property, and the undersigned agrees to execute any documents required by the Corporation in the prosecution of such rights, and the Corporation is hereby authorized and empowered to use, compromise or settle in the undersigned's name or otherwise.
Compare, Russak v. State Farm Mutual Automobile Ins. Co., 281 So.2d 541 (Fla. 3d DCA) (insured who settled with tortfeasor without consent of insurer liable for breach of subrogation contract which provided that "... no such settlement will be made nor release given by the undersigned without the written consent of the said insurer and the undersigned covenants and agrees to cooperate fully with said insurer in the prosecution of such claims ..."), cert. denied, 288 So.2d 257 (Fla. 1973).