# LOVE v ZURICH AMERICAN INSURANCE GROUP
Case No. 90-3281-CA (Lower Court Case No. 89-800-CCH)

Fifth Judicial Circuit, Marion County

February 28, 1991

## APPEARANCES OF COUNSEL

**Dennis F. Ramsey, Esquire,** for appellant.

**Ted P. Galatis, Jr., Esquire,** for appellee.

Before McNEAL, BOOTH, SINGELTARY, JJ.

## OPINION OF THE COURT

McNEAL, R., Circuit Judge.

After owner's vehicle was damaged, he arranged to furnish parts to the tortfeasor, who agreed to repair the damages. The insurance company paid for the parts and filed suit against the tortfeasor under a theory of subrogation. Citing *State Farm Mutual Automobile Insurance Co. v Herrin,* 230 SO.2d 709 (Fla. 2d DCA 1969) and *National*

*Surety Corp. v Bimonte,* 143 So.2d 709 (Fla. 3d DCA 1962), the tortfeasor argues that his agreement with the owner prevented subrogation. The trial court found that the agreement was a matter of convenience whereby the damages could be repaired without the tortfeasor incurring a charge for labor. Without precisely saying so, the trial court found that the agreement between the owner and tortfeasor was not a full and complete settlement, nor a release of the tortfeasor from liability and permitted subrogation. We find that this decision is supported by competent substantial evidence and should be affirmed.

Florida recognizes the subrogation rights of an insurer to recover payments made to an insured for injuries which were caused by a tortfeasor. *Blue Cross and Blue Shield of Florida, Inc. v Matthews,* 498 So.2d 421 (Fla. 1987), *Atlantic Coast Line Railroad v Campbell,* 104 Fla. 274, 139 So. 886 (1932). Subrogation is an equitable principle, founded on the proposition of doing justice without regard to form, and designed to afford relief where one is required to pay a legal obligation which ought to have been met, either wholly or partially, by another. *Union Central Life Insurance C. v Carlisle,* 15 F.L.W. 2219, 2220 (4th DCA September 5, 1990), *Rebozo v Royal Indemnity Co.,* 369 So.2d 644, 646 (Fla. 3d DCA 1979).

This principle applies even where the injured party is reimbursed from two different sources. If the injured party has been paid in full, one paying a portion of the total claim has a right of subrogation for the amount actually paid. *Fowler v Lee,* 106 Fla. 712, 143 So. 613 (1932). The reasoning of the court in *Blue Cross and Blue Shield of Florida, Inc. v Matthews* is also relevant. In discussion subrogation as it related to § 627.7372, Fla. Stat., the court stated that where an insured has collected collateral source benefits from his insurer, which must be deducted from any recovery from the tortfeasor, a suit by both the insured and his insurer is possible.

An insurer's right of subrogation may be defeated where the insured releases the tortfeasor from liability. *State Farm Mutual Automobile Insurance Co. v Herrin,* 230 SO.2d 709 (Fla. 2d DCA 1969), *National Surety Corp. v Bimonte,* 143 So.2d 709 (Fla. 3d DCA 1962). In *State Farm Mutual Automobile Insurance Co.* and *National Surety Corp.* the tortfeasor obtained a written release of liability from the injured party. In the instant case there is not a written release. The record refers to a "settlement agreement," but does not indicate whether a partial or complete release was intended by the parties. The terms of any release are crucial to the question of subrogation because partial payment by a debtor to a creditor does not operate as a complete

40

release of the debtor from liability without an agreement to that effect. *Bryan, Keefe & Co. v Howell,* 92 Fla. 195, 109 So. 593 (1926). Therefore, whether the "settlement agreement" between the owner and the tortfeasor was a full satisfaction of the debt and whether there was a complete release of the tortfeasor that prevented subrogation by the insurance carrier is a factual question. *See Smith v Harr,* 16 F.L.W. 64 (5th DCA Dec. 17, 1990) (whether settlement with initial tortfeasor operated to release a subsequent tortfeasor is a factual question that depends on the intention of the settlement agreement so summary judgment was improper), *Connecticut General Life Ins. v Dyess,* 15 F.L.W. 2550 (5th DCA Oct. 11, 1990) (injured party could not sue their insurance carrier after settling "in full" with the tortfeasor). The trial court decided that the arrangement for repairs was not a full and complete settlement and that the tortfeasor was not released from liability.

The trial court's decision is presumed correct. Appellant has failed to demonstrate that the decision was not supported by competent substantial evidence or that the trial judge misconceived a controlling principle of law applicable to the case. *Applegate v Barnett Bank of Tallahassee,* 377 So.2d 1150 (Fla. 1979). Therefore, the judgment is AFFIRMED.

BOOTH, J. and SINGELTARY, G., concur.