632 So.2d 1046 (1993)
CASUALTY INDEMNITY EXCHANGE, Appellant,
v.
Penrod Brothers, Inc., Appellee.
No. 93-104.
District Court of Appeal of Florida, Third District.
November 2, 1993.
Rehearing Denied March 22, 1994.
Powers & McNails and Richard T. Kilgore, Lake Worth, for appellant.
Adorno & Zeder, P.A., and Raoul G. Cantero, III, and Alix J.M. Apollon, Coconut Grove, for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
JORGENSON, Judge.
Casualty Indemnity Exchange appeals from an order dismissing its complaint for subrogation. We affirm.
Penrod Brothers, Inc. leased property from Washington Harrison Properties, Inc. Pursuant to its lease, Penrod was obligated to purchase fire insurance for the leased premises. Penrod did not buy insurance, but its landlord, Washington, carried fire insurance issued by Casualty on the property. A fire on the leased premises caused $150,974.18 in insured property loss; Casualty paid that sum to the landlord, its insured.[1]
Casualty sued Penrod to recover the amount of the claim paid to the landlord pursuant to the insurance policy, alleging that Penrod's breach of the lease, namely its failure to purchase insurance, caused Casualty to become subrogated to the rights of its insured. The trial court granted Penrod's motion to dismiss; the insurer appeals.
In this case of first impression in Florida, we hold that the landlord's insurer has no right of subrogation for the tenant's breach of its contractual duty to purchase *1047 insurance. Subrogation "was designed to afford relief where one is required to pay a legal obligation which ought to have been met, either wholly or partially, by another." Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702, 704 (Fla. 1980) (citations omitted). After payment of a loss to its insured, an insurer may be subrogated to "any right of action that the insured may have against the third person whose negligence or wrongful act caused the loss." Indiana Ins. Co. v. Collins, 359 So.2d 916, 917 (Fla. 3d DCA 1978) (emphasis added; citation omitted), receded from on other grounds, Holyoke Mut. Ins. Co. v. Concrete Equipment, Inc., 394 So.2d 193, 196 n. 2 (Fla. 3d DCA), rev. denied, 402 So.2d 609 (Fla. 1981). In this case, Penrod did not contractually assume the risk of loss by fire; it only assumed the obligation of purchasing fire insurance. Had Penrod's lease provided that Penrod would be liable to the landlord for any loss or damage to the property insured, the insurer may have been entitled to be subrogated to the rights of the landlord under the lease. See 61 Couch on Insurance 2d § 147 (Rev. Ed. 1983). However, the insurer based its subrogation claim only on the tenant's failure to obtain fire insurance. Penrod's failure to purchase insurance did not cause the fire, and therefore did not cause the insurer's loss. See Patent Scaffolding Co. v. William Simpson Constr. Co., 256 Cal. App.2d 506, 64 Cal. Rptr. 187 (1967) (fire insurer that covered subcontractor's loss not entitled to be equitably subrogated to subcontractor's claim against general contractor for general contractor's failure to procure insurance on site, as loss caused by fire, and not by contractor's failure to perform contractual duty); Cf. Olympic, Inc. v. Providence Washington Ins. Co. of Alaska, 648 P.2d 1008 (Alaska 1982) (where tenant agreed to purchase insurance but failed to name landlord as an insured, and landlord was independently insured, court would not hold tenant's insurer liable to landlord's insurer). But see Commercial Union Fire Ins. Co. v. Kelly, 389 P.2d 641 (Okla. 1964) (following a fire for which landlord's insurer settled damage claim, landlord's insurer had cause of action in subrogation against tenant based on tenant's breach of contractual obligation to insured to deliver possession of leased premises in good state of repair at expiration of lease).
Furthermore, because the landlord suffered no damages, the insurer has no right of subrogation. In subrogation actions, the subrogee stands in the shoes of the subrogor and has only those rights which the subrogor had. Allstate Ins. Co. v. Metropolitan Dade County, 436 So.2d 976 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 885 (Fla. 1984). The landlord suffered no injury from the tenant's breach of the lease, as the landlord's insurer fully covered the fire damage.[2]
Because the insurer failed to state a claim for subrogation, the trial court properly dismissed its complaint.
AFFIRMED.
NOTES
[1] There is no indication or allegation in the record that the fire was caused by Penrod's negligence or tortious act.
[2] The landlord's only possible loss caused by the breach of contract is the cost of the insurance premiums the landlord paid to its insurer; the landlord has not sought to recover those payments.