698 So.2d 929 (1997)
DADELAND DODGE INC., et al., Appellants,
v.
AMERICAN VEHICLE INSURANCE CO., etc., et al., Appellees.
No. 95-3537.
District Court of Appeal of Florida, Third District.
September 10, 1997.
*930 Angones, Hunter, McClure, Lynch & Williams and Christopher J. Lynch, Miami, for appellants.
Cooney, Mattson, Lance, Blackburn, Richards & O'Connor and Pamela R. Kittrell, Ft. Lauderdale; Walton, Lantaff, Schroeder & Carson and Robert L. Teitler and Frank J. Taddeo, Ft. Lauderdale, for appellees.
Before NESBITT, GODERICH and GREEN, JJ.
PER CURIAM.
This case arises out of a one-car accident involving a rented vehicle. Primarily, the appeal involves a determination as to the liability of the various insurance companies involved.
On May 2, 1988, Ferda Graham (Graham) rented a van from Dadeland Dodge, Inc. (Dadeland) for a family trip. Graham's cousin's wife, Ruby Jackson (Ruby), was driving the van with Graham's consent when she fell asleep at the wheel causing an accident. Ruby's then fourteen year-old daughter Lavonne was ejected from the vehicle and injured.
Lavonne's father, Lee Jackson, was a member of the Cigna Health Plan (Cigna), and both Ruby and Lavonne were covered under the plan as his dependents. Cigna paid $82,223.16 in medical benefits for treatment of Lavonne's injuries. Ruby had personal injury protection and liability coverage with American Vehicle Insurance Company (American). Allstate Insurance Company provided personal injury protection and liability coverage to Dadeland.
Cigna made its final benefit payment to Lavonne on December 12, 1989. Unbeknownst to Cigna, Lavonne filed, and later settled, a claim with Dadeland's carrier, Allstate. In exchange for a structured settlement totalling $93,549.00, Lavonne, on August 7, 1991, executed a release, indemnity, and hold harmless agreement in favor of Dadeland, Allstate, and Ruby.
On May 6, 1992, Cigna filed the complaint that ultimately gave rise to this appeal. Cigna, as Lavonne's subrogee, sued Dadeland, Allstate, Ruby, and American, for recovery of the medical benefits it had paid to Lavonne. Allstate, Dadeland, and Ruby eventually filed a joint motion for summary judgment on various grounds. American filed its own separate motion. The trial court entered final judgments in favor of American and Ruby. It entered final judgments in Cigna's favor against Allstate and Dadeland for $10,000 and $75,759.99, plus interest, respectively.
Allstate and Dadeland appeal the final judgments entered against them and the final judgment entered in American's favor. Cigna cross-appeals the judgment entered in American's favor and asks that in the event the judgments against Allstate and Dadeland are reversed, that judgment be reversed as well.
With respect to the judgments entered against Allstate and Dadeland, we address the only issue we conclude has merit and requires reversal. Allstate and Dadeland correctly note that as Lavonne's subrogee, Cigna "stands in her shoes." They argue that the release executed by Lavonne in their favor bars Cigna's suit against them.
*931 In Ortega v. Motors Insurance Corp., 552 So.2d 1127, 1128 (Fla. 3d DCA 1989), this court explicitly adopted the principle "well established in other jurisdictions that `where the tortfeasor obtains a release from the insured with knowledge that the latter has already been indemnified by the insurer such release of the tortfeasor does not bar the right of subrogation of the insurer.' 16 Couch on Insurance 2d, § 61:201 (2d ed.1983), and cases cited therein (emphasis added)." The tortfeasor must have knowledge of the insurer's perfected subrogation rights. See id. A party's right to subrogation is not perfected until the claim of its indemnitee is paid in full. See National Sur. Corp. v. Bimonte, 143 So.2d 709, 710 (Fla. 3d DCA 1962).
Not addressed in Ortega, as it was not at issue in that case, was the degree of knowledge on the tortfeasor's part that would estop it from relying on the release. It is clear from Ortega that in that case the tortfeasor and his carrier had actual knowledge of the insurer's perfected subrogation rights. The same principle preventing a tortfeasor from relying on a release applies where the tortfeasor has constructive knowledge of the insurer's perfected subrogation rights. See 16 Couch on Insurance 2d, § 61:201 (2d ed.1983). A party is deemed to have constructive knowledge of a fact when that party has actual knowledge of facts and circumstances that would lead a reasonable person to inquire and discover the fact in question, or infer its existence. See 58 Am. Jur.2d Notice § 9 (1989).
It is clear from the transcript of the hearing below that the trial court was unclear as to the appropriate test to use in deciding whether the release barred Cigna's suit. Thus, we reverse the judgments entered against Dadeland and Allstate. We remand the case so that the trial court can have the opportunity, if raised by Dadeland and Allstate, to consider in the first instance whether there are genuine issues of material fact with respect to their constructive knowledge of Cigna's perfected subrogation rights.
Having reversed the judgments entered against Allstate and Dadeland, we must also reverse the judgment entered in American's favor as that judgment was predicated on Allstate's ability to completely fulfill its financial obligations. Moreover, Lavonne, as a resident relative of the named insured, Ruby, was entitled to personal injury protection benefits under the American policy. Cigna, standing in Lavonne's shoes, is entitled to collect those benefits. See International Underwriters, Inc. v. Blue Cross and Blue Shield of Delaware, Inc., 449 A.2d 197 (Del.1982); Givens v. Street, 405 A.2d 704 (Del.Super.Ct.1979).
In sum, we reverse the judgments entered against Allstate and Dadeland, and in favor of American, for further proceedings. We affirm the judgment entered in Ruby's favor.