PALMER, J.
In this subrogation case, Twin City Fire Insurance Company (Twin City) appeals the summary judgment entered in favor of defendants, Jason Jones and Kayla Heald. Concluding that, as a matter of law, the defendants were not entitled to receive a judgment in their favor, we reverse.
Twin City provided comprehensive collision insurance and uninsured motorist coverage to Marian Jones. Her car was. hit by a vehicle owned by Heald and driven by Jason Jones. In accordance with its insurance contract, Twin City paid Marian Jones for the damages arising out of the accident and, as her subrogee, thereafter filed this lawsuit against the defendants. Said suit was filed on March 18, 2004, and answered with affirmative defenses on April 16, 2004.
Marian Jones filed a separate lawsuit against the defendants and entered a settlement on same on June 3, 2004. As a part of the settlement, Marian Jones released all claims against the defendants and agreed to indemnify them for any claim relating to the accident.
Based on Jones’ release, the defendants filed a motion for summary judgment in this case. The trial court granted the motion based on the conclusion that Marian Jones’ release in favor of the defendants extinguished Twin City’s cause of action against the defendants.
Twin City appeals, arguing that the trial court’s ruling was incorrect, as a matter of law, because the defendants knew of Twin City’s perfected subrogation rights prior to entering into a settlement with Marian Jones. We agree because the law is established that “a settlement executed by the insured cannot act as a bar to an action for subrogation by the insurer against a third-party tortfeasor if, prior to the settlement, the tortfeasor learns of the insurer’s perfected subrogation rights.” Lincoln Nat’l Health & Cas. Ins. Co. v. Mitsubishi Motor Sales of Am., Inc., 666 So.2d 159, 163 (Fla. 5th DCA 1995).
In Lincoln National, the defendants reached a settlement with the insured only after the insurer had instituted suit against the defendants. Id. at 160. The settlement provided for both release and indemnification. Nevertheless, our court reversed the grant of summary judgment for the defendants, reasoning that “[a] tortfeasor cannot expect to rely on a release from' the victim if he knows that equity has transferred ... the victim’s claim of recovery into the hands of a third party who has paid ... what the tortfeasor by rights should pay.” 666 So.2d at 163. See also Ortega v. Motors Ins. Corp., 552 So.2d 1127, 1128 (Fla. 3d DCA 1989)(adopting the principle that, where the tortfeasor obtains a release from the insured with knowledge that the insured has already been indemnified by the insurer, such release does not bar the right of subrogation of the insurer). This rule serves the purpose of equitable subrogation, which is to prevent unjust enrichment *405 by assuring that the person responsible for the debt ultimately answers for its discharge. Lincoln Nat’l Health & Cas. v. Mitsubishi Motor Sales, 778 So.2d 392, 394 n. 2 (Fla. 5th DCA 2001).
REVERSED and REMANDED.
GRIFFIN and ORFINGER, JJ„ concur.