IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JEDAK CORPORATION D/B/A RAZZLE'S,

       Appellant,

 v.                                                                          Case No.  5D16-3777

SEABREEZE OFFICE ASSOCIATES, LLC
AND NEIL HUNTER,

       Appellees.

_____/

Opinion filed April 13, 2018

Appeal from the Circuit Court
for Volusia County,
Dennis Craig,  Judge.

Cynthia B. Beissel, and F. Bradley Hassell,
of Hassell-Legal, P.A., Daytona Beach, for
Appellant.

Thomas A. Valdez, of Quintairos, Prieto,
Wood & Boyer, P.A., Tampa, and Michael
J. Reilly and Gabriel Dobrin, of Law Offices
of James W. Kehoe, Fort Lauderdale, for
Appellee, Seabreeze Office Associates,
LLC.

No Appearance for Other Appellee.

PER CURIAM.

In this action arising from a written commercial lease agreement, Appellee,

Seabreeze Office Associates, LLC ("Landlord"), obtained summary judgment for

damages arising from the breach of contractual provisions requiring that Appellant, Jedak Corporation d/b/a Razzle's ("Tenant"), indemnify and provide insurance coverage to protect Landlord from losses arising from Tenant's occupancy of the premises. Although Tenant raises numerous issues on appeal, we need only address one, which we conclude is dispositive of this dispute. Because Landlord did not incur any damages that were caused by the breach of these particular lease provisions, the lower court erred in granting summary judgment in favor of Landlord and in denying summary judgment in favor of Tenant. Accordingly, we reverse and remand this cause with directions that summary judgment be entered in favor of Tenant. *See Cas. Indem. Exch. v. Penrod Bros.*, 632 So. 2d 1046, 1047 (Fla. 3d DCA 1993) (where landlord's insurer fully covers loss, landlord suffers no compensable damages arising from tenant's breach of contract).[1]

REVERSED AND REMANDED.

COHEN, C.J., PALMER and TORPY, JJ., concur.

---

[1] Landlord's insurer was not a party to this case.

2