DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

UNIVERSAL PROPERTY AND CASUALTY INSURANCE
COMPANY a/s/o VIRGILIO PEREZ Y. PEREZ and
SIRKKA PEREZ,

Appellant,

v.

LAGUNA RIVIERA CONDOMINIUM ASSOCIATION, INC.,

Appellee.

No. 2D2023-0034

_____

May 17, 2024

BY ORDER OF THE COURT:

Appellant's Motion for Rehearing, Rehearing En Banc, Statement of
Express and Direct Conflict, and Certification of Question of Great Public
Importance is granted in part and denied in part.  The prior opinion
dated March 1, 2024, is withdrawn, and the attached opinion is issued
in its place.  No further motions for rehearing will be entertained.

I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.

MARY ELIZABETH KUENZEL, CLERK

DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

UNIVERSAL PROPERTY AND CASUALTY INSURANCE
COMPANY a/s/o VIRGILIO PEREZ Y. PEREZ and
SIRKKA PEREZ,

Appellant,

v.

LAGUNA RIVIERA CONDOMINIUM ASSOCIATION, INC.,

Appellee.

No. 2D2023-0034
_____

May 17, 2024

Appeal from the Circuit Court for Manatee County; Edward Nicholas, Judge.

Nancy Gregoire Stamper of Birnbaum, Lippman & Gregoire, PLLC, Fort Lauderdale; Jourdan Weltman and Alyson Holob of Universal Property and Casualty Insurance Company, Fort Lauderdale, for Appellant.

E. Taylor George and Shaun R. Koby of Lydecker LLP, Tampa, for Appellee.

LABRIT, Judge.

Universal Property and Casualty Insurance Company appeals an adverse final judgment in a negligence action it brought—as subrogee of its insureds, Virgilio and Sirkka Perez—against Laguna Riviera Condominium Association. We affirm because the trial court properly applied section 627.714(4), Florida Statutes (2022), in entering judgment for the Association.

**I.**

In January 2021, Universal issued a property insurance policy to the Perezes, owners of a unit within the Laguna Riviera Condominiums. The policy was for a term ending in January 2022. The complete policy is not in the record, but it undisputedly contains a provision that subrogates Universal to the rights of the Perezes to the extent of any payment made under the policy.

After Universal issued the policy, the legislature amended the insurance code and added the following language to section 627.714(4):

> If a condominium association's insurance policy does not provide rights for subrogation against the unit owners in the association, an insurance policy issued to an individual unit owner in the association may not provide rights of subrogation against the condominium association.

Ch. 2021-99, § 1, Laws of Fla. This amendment effectively precludes a unit owner's insurer from suing an association in subrogation if the association's insurer doesn't have a reciprocal right to sue unit owners. And pertinent here, this amendment became effective on July 1, 2021. *Id.* at § 27.

On July 13, 2021, a main pipe within the Laguna Riviera Condominiums failed and damaged the Perezes' unit. Universal paid $125,000 to cover the loss. It then filed a negligence complaint against the Association, as subrogee of the Perezes, alleging that the Association's failure to inspect, maintain, test, or repair the main pipe caused the loss. The Association answered the complaint and asserted section 627.714(4) as an affirmative defense. The Association also attached a copy of its insurance policy to its pleading, showing that the Association's insurer had "waive[d] [its] rights to recover payment from any unit-owner" through the policy it issued to the Association.

2

Based on this waiver and the language of section 627.714(4) as amended, the Association moved for judgment on the pleadings. It argued that the statute bars Universal's action because the Association's policy does not provide for rights of subrogation against unit owners. The trial court agreed. It granted the Association's motion for judgment on the pleadings and entered final judgment for the Association.[1] This is Universal's appeal. We review the trial court's decision de novo. *Hilbrands v. Hilbrands*, 320 So. 3d 938, 939 (Fla. 2d DCA 2021) (citing *U.S. Fire Ins. Co. v. ADT Sec. Servs., Inc.*, 134 So. 3d 477, 479 (Fla. 2d DCA 2013)).

## II.

Universal argues, as it did below, that its subrogation rights vested in January 2021 when it issued its policy and that the July 2021 amendment to section 627.714(4) does not and cannot apply retroactively to impair its vested contract rights. For its part, the Association contends that Universal's subrogation rights didn't and couldn't vest until the loss occurred on July 13, 2021—after the amendment's effective date—and that the trial court properly applied the statutory amendment prospectively. Thus, the dispositive question is whether Universal had a vested subrogation right against the Association when section 627.714(4) became effective on July 1, 2021.

Our decision in *R.A.M. of South Florida, Inc. v. WCI Communities, Inc.*, 869 So. 2d 1210 (Fla. 2d DCA 2004), is instructive. There, we considered whether a statutory amendment barred an unlicensed contractor's claims even though the claims would have been viable under the version of the statute in effect when the contractor signed its

---

[1] In doing so, the trial court expressed an "eager[ness] for appellate guidance with regard to section 627.714," which we now provide.

contract.  *See id.* at 1214.  The contractor—much like Universal in this case—argued that we could not apply the amendment retroactively and deprive it of a vested contract right.  *Id.* at 1215.  But we disagreed, concluding that the unlicensed contractor did not have a vested right to enforce the contract before the statutory amendment took effect.  *Id.* at 1221.

In so holding, we explained the critical difference between vested and fixed rights on the one hand, and expectant or contingent ones on the other.  *Id.* at 1218.  "A vested right has been defined as 'an immediate, fixed right of present or future enjoyment' and also as 'an immediate right of present enjoyment, or a present, fixed right of future enjoyment.' "  *Id.* (quoting *City of Sanford v. McClelland*, 163 So. 513, 514–15 (Fla. 1935)).  In other words, rights "are vested when the right to enjoyment, present or prospective, has become the property of some particular person or persons, as a present interest."  *Id.* (quoting *Pearsall v. Great N. Ry. Co.*, 161 U.S. 646, 673 (1896)).  Conversely, rights "are expectant when they depend upon the continued existence of the present condition of things until the happening of some future event."  *Id.* (quoting *Pearsall*, 161 U.S. at 673).  And "[t]hey are contingent when they are only to come into existence on an event or condition which may not happen or be performed until some other event may prevent their vesting."  *Id.* (quoting *Pearsall*, 161 U.S. at 673).

Here, Universal's subrogation rights were not immediate or fixed in January 2021 when it issued the Perezes' policy.  That is, Universal was not immediately subrogated to the rights of the Perezes because "no right of subrogation arises until the claim has been paid."[2]  *See* 16 *Couch on*

---

[2] Universal argues that the Association did not raise this point of law below so it is unpreserved and unavailable for our consideration.

4

*Insurance* § 223:3 (3d ed. 2023); *see also Nat'l Sur. Corp. v. Bimonte*, 143 So. 2d 709, 710 (Fla. 3d DCA 1962) (stating that a claimant's "right to subrogation was not perfected until it paid the claim of its indemnitee in full" (first citing *Fowler v. Lee*, 143 So. 613, 614 (Fla. 1932); and then citing *Whyel v. Smith*, 134 So. 552, 554 (Fla. 1931))); *accord Dadeland Dodge Inc. v. Am. Vehicle Ins. Co.*, 698 So. 2d 929, 931 (Fla. 3d DCA 1997). Instead, when the policy incepted, Universal's subrogation rights were contingent on a future event—namely Universal's payment of a covered loss—and its rights were expectant because they depended on the law not changing during Universal's policy period. It is of course beyond dispute that the legislature had the authority to amend section 627.714(4). And when it did so, Universal's subrogation rights were not vested.

It is likewise "well established that the right to sue on an inchoate cause of action—one that has not yet accrued—is not a vested right because no one has a vested right in the common law, which the [l]egislature may substantively change prospectively." *Raphael v. Shecter*, 18 So. 3d 1152, 1157 (Fla. 4th DCA 2009) (quoting *Williams v. Am. Optical Corp.*, 985 So. 2d 23, 30 (Fla. 4th DCA 2008)); *cf. R.A.M.*, 869 So. 2d at 1220 ("[O]nce a cause of action has accrued, the right to pursue that cause of action is generally considered a vested right."). The cause

But Universal itself raised the issue of when its subrogation rights vested; we simply disagree with Universal on this point. And the "tipsy coachman" doctrine would otherwise allow us to affirm on these grounds because it is evident from the record that the loss occurred and the claim was paid after the statutory amendment took effect. *See Robertson v. State*, 829 So. 2d 901, 906 (Fla. 2002); *Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999). Thus, while the precise date of Universal's payment to its insureds is not in the record, we still may conclude that Universal's right to sue in subrogation arose after the legislature amended section 627.714(4).

5

of action Universal pursued here did not accrue until the pipe failed and damaged the Perezes' unit. *See Peat, Marwick, Mitchell & Co. v. Lane*, 565 So. 2d 1323, 1325 (Fla. 1990). Thus, Universal, standing in the Perezes' shoes, did not have a vested right to sue the Association until July 13, 2021—after the amendment to section 627.714(4) became effective. *See Cas. Indem. Exch. v. Penrod Bros.*, 632 So. 2d 1046, 1047 (Fla. 3d DCA 1993) ("In subrogation actions, the subrogee stands in the shoes of the subrogor and has only those rights which the subrogor had.").

We acknowledge the body of law holding that "the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." *Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 876 (Fla. 2010) (quoting *Hassen v. State Farm Mut. Auto. Ins.*, 674 So. 2d 106, 108 (Fla. 1996)). But that body of law applies to contractual claims between contracting parties, "which are logically, and constitutionally, governed by the law in effect at the time of the contract." *Fla. Ins. Guar. Ass'n v. Bernard*, 140 So. 3d 1023, 1033 (Fla. 1st DCA 2014); *see also Hausler v. State Farm Mut. Auto. Ins. Co.*, 374 So. 2d 1037, 1038 (Fla. 2d DCA 1979) ("When Hausler and State Farm negotiated for and entered into the subject contract of insurance, its terms were set in accordance with the law in effect at that time . . . ."). Universal's cause of action against the Association is neither contractual nor between the parties to the insurance contract; rather, it is based on the transfer of the right to sue in tort from one contracting party to the other. And that transfer was contingent on the occurrence of future events, without which Universal's rights never would have vested. *See* 16 *Couch on Insurance* § 223:3 n.8 ("While insurer may have future interest in rights that its insured has against third party, insurer's right

of subrogation comes into existence only when insurer pays claim of insured.").

At bottom, neither Universal's subrogation rights nor its right to sue in negligence vested before the legislature amended section 627.714(4).[3] As we explained in *R.A.M.*, "[a] statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment." 869 So. 2d at 1216 (quoting *Metropolitan Dade County v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999)). "Rather, [we] must ask whether the new [statutory] provision attaches new legal consequences to events completed before its enactment." *Id.* (second alteration in original) (quoting *Metropolitan Dade County*, 737 So. 2d at 499). The only event completed before the enactment of the new statutory provision here was Universal's issuance of the policy. While that event certainly vested contractual rights between the contracting parties, Universal's subrogated right to sue the Association was not one of them. That right did not vest or become fixed until the completion of additional events, all of which occurred after the amendment to section 627.714(4).

We therefore hold that the trial court properly applied the amendment prospectively in entering judgment for the Association, and

---

[3] Further, Universal's cause of action did not accrue, and the statute of limitations did not begin to run, until the date the Perezes suffered the loss at issue. *See Allstate Ins. Co. v. Metropolitan Dade County*, 436 So. 2d 976, 980 (Fla. 3d DCA 1983). And Universal presumably had no obligation to make any payment under the policy before that date. It therefore would be inconsistent to conclude that Universal had a vested right to subrogation on the date it issued its policy where neither the statute of limitations nor Universal's coverage obligations were triggered until the loss occurred. The conclusion we reach avoids this inconsistency.

we affirm the judgment on the pleadings.[4]  We also certify conflict with *Universal Property & Casualty Insurance Co. v. Grove Isle at Vero Beach Condominium Ass'n,* 49 Fla. L. Weekly D470 (Fla. 4th DCA Feb. 28, 2024), which reversed an order granting judgment on the pleadings under similar facts.

Affirmed; conflict certified.

SLEET, C.J., and ROTHSTEIN-YOUAKIM, J., Concur.

---

[4] Because we conclude that Universal's subrogation rights did not vest before the statutory amendment, we need not consider either prong of the two-prong test for retroactivity explained in *Menendez*: "whether the [l]egislature intended for the statute to apply retroactively" and "whether retroactive application would violate any constitutional principles."  *See* 35 So. 3d at 877.